JENNINGS v. KAVANAUGH.

The 35th s. of 9th art. of the act concerning crimes and punishments, which authorizes an action for damages against the owners of slaves for certain offences committed by their slaves, does not extend to a case where the slave of plaintiff has been killed by the slave of defendant—it being an injury to his property not specified in the 3d article of the same act.

*Todd*, for plaintiff in error.

*McCulloch* and *Adams*, for defendant in error:

The only point in this case is, whether the court below ought to have given the instruction asked by the defendant, to wit: "The defendant moves the court here to instruct the jury that upon the evidence given they cannot find a verdict for the plaintiff."

1. The defendant is not liable at common law as master or owner—see 2 Kent's Com. 259, 260; Foster and others v. The Essex Bank, 17 Mass. Rep. 508, 510; Snie v. Trice, 2 Bay's R. 345; Wingis v. Smith, 3 McCord's R. 400.

2. He is not liable by the statute upon which this action seems to have been brought—see Laws of Missouri, Digest, 1835, title Crimes and Punishments, article IX. section 35, article II. and article III.

TOMPKINS, Judge, delivered the opinion of the court.

Jennings brought his action of trespass in the circuit court, against Kavanaugh. Kavanaugh pleaded not guilty, and issue was joined on that plea. The evidence in the case was, that a negro man belonging to Jennings, the plaintiff, was killed by another negro man belonging to Kavanaugh. It was also in evidence, that they had been more than once fighting on the same day, within a short space of time; and that Kavanaugh's negro came up behind that of Jennings, and gave the mortal blow, a short time after the last encounter: that in a few days thereafter Jennings' negro died of the wound inflicted by that blow. This was all the evidence given in the cause.

The plaintiff then moved the court to instruct the jury, that if they believed from the evidence in the cause, that the negro man, slave of the defendant, assaulted and killed with a deadly weapon the negro man, slave of the plaintiff, he, the said defendant's slave, not doing the same in the necessary defence of his own person, they will find for the plaintiff the value of the defendant's

negro at the time the act was done. This instruction was refused, and on motion of the defendant, the court instructed the jury, that they could not, on the evidence given, find a verdict for the plaintiff. Exceptions were duly taken to the opinion of the court in refusing the instructions asked by the plaintiff, and in giving that asked by the defendant. The plaintiff then took a nonsuit, and afterwards moved the court to set aside the judgment of nonsuit and allow him a new trial, which motion the court overruled; and the question here to be decided is, whether the court committed error in giving the instruction asked by the defendant?

The plaintiff rests his right of recovery on the 35th section of the 9th article of the act concerning crimes and punishments, which reads thus: "Every person who shall be injured by the commission of any offence against his person, as specified in the second article, or against his property, as specified in the third article of this act, committed by a slave, shall have an action against the master or owner of such slave for the time, to recover any damages by him sustained by the commission of such offence, not exceeding in amount the value of the slave." It is not pretended that this offence, for which damages are demanded in this action, is specified in the third article of the act: but it is contended that because the act has allowed the injured person to recover for the loss of his property, where a slave caused the loss by his misconduct in the cases specified in the third article, therefore this court should decide that the plaintiff here should recover for an injury not specified in the third article, because it would be as great a hardship for him to lose his property in the one case as in the other; and a number of authorities is cited to prove that where the meaning of an act is obscurely expressed, a court ought so to construe it as to promote the object which the legislature had in view in making the act. But here is no obscurity in the act; we are expressly limited to the offences against property specified in the third article. A slave is property, and if we decide that for the loss of his slave by the act of another slave, the owner of the deceased slave may recover damages of the owner of the offending slave, we do not decide under and by authority of the act of the legislature, but we do it because we see no reason, or rather because the plaintiff's counsel see no reason why the legislature did not so direct. It was also contended that the issue being joined and the evidence given, the defendant ought not to have, on mo-

SEPT. TERM, 1837.

Jennings
v.
Kavanaugh.

The 35th sec. of 9th art. of the act concerning crimes and punishments, which authorizes an action for damages against the owners of slaves for certain offences committed by their slaves, does not extend to a case, where the slave of plaintiff has been killed by the slave of defendant—it being an injury to his property not specified in the 3d art. of the same act.

tion, all the benefit he could have derived from a demurrer to the declaration, but he ought to have had judgment given against him, although the issue was immaterial. Here there is no cause of action, and it is immaterial what the verdict of the jury might have been, the judgment of the court ought to have been for the defendant, *non obstante verdicto*, if verdict had been for the plaintiff. Had the cause of action been good, but defectively stated, then the defendant ought to have been left to his motion in arrest of judgment. In this case he has nothing, his declaration being incapable of amendment. The circuit court then, in my opinion, having committed no error, either in refusing or giving the instructions asked, or in refusing to set aside the judgment of nonsuit, its judgment ought to be affirmed, and the other Judges concurring in this opinion, it is affirmed.