STRATTON, Plaintiff in Error, v. HARRIMAN, Defendant in Error.

1. The owner of a slave can not be rendered liable under section 35 of article 9 of the Act concerning Crimes and Punishments for the loss of a horse belonging to plaintiff, where the offence charged against the slave is the burning of the stable in which the horse happened to be at the time of the fire.

*Error to Cooper Circuit Court.*

*J. W. Draffin*, for plaintiff in error.

I. It is only necessary that the petition should show that a slave committed the wrong complained of ; that the defendant at the time was the master or owner of the slave ; and that plaintiff had sustained damage to his property by the commission of the wrong. (R. C. 1845, tit. Crimes and Punishments, article 3, section 7 and 11, and section 35 of article 9. )

*Adams* and *Stephens*, for defendant in error.

I. A master or owner is not liable at common law for an injury wilfully committed by his slave without his direction or assistance, especially when the slave is not at the time in the performance of his master's business. ( See Jennings v. Kavanaugh, 5 Mo.—— ; Ewing v. Thomson, 13 Mo. 132 ; Douglass v. Stephens, 18 Mo. 362 ; Snee v. Trice, 2 Bay, 345 ; Vergis v. Smith, 3 McCord, 400 ; 2 Kent Com. 259, 260 ; 17 Mass. 508. )

II. The statute which gives a party a remedy against the master or owner of a slave for an offence against his property, committed by such slave, does not cover a case of this kind. ( See R. C. 1845, tit. Crimes and Punishments, art. 9, section 35, and art. 3, p. 414, 353. ) The property offended against in this case was the barn and stable of Licklider, and not the horse of the plaintiff. The arson was committed in burning Licklider's barn and stable, and not its contents.

RYLAND, Judge, delivered the opinion of the court.

This was an action by plaintiff against the defendant, in order to recover damages for the destruction of the plaintiff's property by the slave of the defendant. The petition states "that John, a slave, on or about the first day of April, A. D. 1855, did wilfully set fire to and burn in the night time a barn and stable of Thomas Licklider, in the county of Cooper, and that William Harriman, the defendant, was the master and owner of said slave at the time he committed said offence. Plaintiff further states that he had in the barn and stable of said Licklider, at the time the same was so burnt by the said slave, a bay stallion of great value, to-wit, of the value of three hundred dollars, and that said horse was entirely consumed by said fire and was wholly lost to plaintiff. Plaintiff further states that by reason of the premises and of the commission of said offence by the said slave as aforesaid, he has sustained damages to the amount of three hundred dollars, for which he prays judgment."

To this petition the defendant demurred, because it does not state facts sufficient to constitute any cause of action, and because no cause of action is set forth in said petition. The court sustained the demurrer, and gave judgment thereon for the defendant. The plaintiff thereupon sued out his writ of error, and brings the case to this court.

The question here involves the construction of our statute making the owner liable for certain offences committed by his slave by which the property of another is damaged. The 35th section of the 9th article of the act of Crimes and Punishments (R. C. 1845, p. 414,) provides that "Every person who shall be injured by the commission of any offence against his person, as specified in the second article, or against his property, as specified in the third article of this act, committed by a slave, shall have an action against the master or owner of such slave for the time, to recover any damages by him sustained by the commission of such offence, not exceeding in amount the value

of the slave." The 7th section of the third article is as follows: "Every person who shall wilfully set fire to or burn in the night time any house, building, barn, stable, boat or vessel of another, or any house of public worship, college, academy, or school-house, or building used as such, or any public building belonging to the United States, or this state, or to any county, city, town or village, not the subject of arson in the first or second degree, shall, on conviction, be adjudged guilty of arson in the third degree." This section embraces the offence charged to have been committed by the defendant's slave " wilfully setting fire to and burning in the night time the barn and stable of Thomas Licklider." The offence is arson in the third degree. The property against which the offence was committed is the barn and stable of Licklider, and not the contents of the barn and stable. The 11th section of this third article declares that "Every person who shall, in the day or night time, wilfully set fire to or burn any goods, wares, merchandise or other chattels of another, not the subject of arson in the third degree, or any stack of grain of any kind, belonging to another, or any grain, grass or herbage, growing or standing in the field, or any nursery or orchard of fruit trees, or any fence belonging to another, or any toll bridge or other public bridge, shall, on conviction, be adjudged guilty of arson in the fourth degree." The punishment of arson in the third degree is imprisonment in the penitentiary not less than five nor more than seven years ; in the fourth degree, in the penitentiary not more than four years, or by imprisonment in the county jail not less than six months. The remedy is given for the damage done to the property offended against. Here the plaintiff shows that the property offended against is the stable and barn of Licklider. The offence set forth, as committed by the slave, is against the 7th section of the third article, and not the 11th section. The defendant's slave committed arson in the third degree, and not the fourth. We do not think the plaintiff's statement of his cause of action is embraced by the provisions of the third article of the act, and consequently the defendant is not made liable under the statute.

He is not liable at common law. At common law, though the master be liable for the servant's negligence to the injury of another, when doing a lawful act in his service, he is not liable if the act be wilfully unlawful, unless shown to be done by the master's authority. In the case of Ellis v. Turner et al., 8 Term Rep. 531, Lord Kenyon said "the defendants are responsible for the acts of their servant in those things that respect his duty under them, though they are not answerable for misconduct in those things that do not respect his duty to them, as if he were to commit an assault upon a third person in the course of his voyage."

In McMannus v. Crickett, 1 East. 106, it was considered to be a question of great concern and of much doubt and uncertainty, whether the master was answerable in damage for an injury wilfully committed by his servant while in the performance of his master's business, without the direction or assent of the master. The court of king's bench went into an examination of all the authorities, and after much discussion and great consideration, with a view to put the question at rest, it was decided that the master was not liable in trespass for the wilful act of his servant, in driving his master's carriage against another, without his master's direction or consent. The court considered that when the servant quitted sight of the object for which he was employed, and without having in view his master's orders, pursued the object which his own malice suggested, he no longer acted in pursuance of the authority given him, and it was deemed, so far, a wilful abandonment of his master's business. "This case," says Chancellor Kent, "has received the sanction of the Supreme Courts of Massaahusetts and New York, on the ground that there was no authority from the master, express or implied, and the servant, in that act, was not in the employment of his master." (2 Kent's Com. 260 ; Richmond Turnpike Co. v. Vanderbilt, 1 Hill, 480 ; Wright v. Wilcox, 19 Wend. 343 ; Jennings v. Kavanaugh, 5 Mo. 26 ; Ewing v. Thompson, 13 Mo. 132 ; Douglass v. Stephens, 18 Mo. 362.) It is not important to pursue this point further, as the plaintiff

does not contend that the defendant is liable by the principles of the common law. He relies alone upon the statute concerning crimes and punishments, and cited the sections of that act above quoted, and contends that it is only necessary that the petition should show that a slave committed the wrong complained of; that the defendant at the time was master or owner of the slave; and that plaintiff had sustained damage to his property by the commission of the wrong.

The burning of goods, wares, merchandise or other chattels constitutes arson in the fourth degree, as specified in the 11th section above quoted. This is a substantive offence in itself and must be so charged, and it can not grow out of arson in burning a barn or stable, which is arson in a higher degree, and punishable in a different way. As before remarked, the offence charged as committed by the slave John is arson in the third degree, and is against the barn and stable of Licklider; not against the horse of a third person, happening to be therein at the time. This statute is a highly penal one, and must be construed strictly.

In the opinion of this court, the offence against the property must be correctly and properly charged in order that it may be seen whether it is an offence under the 35th section of the third article of the act mentioned or not. Here the offence is, not the arson in burning the goods, chattels, &c., but in burning the barn and stable. The judgment below must be affirmed; Judge Leonard concurring; Judge Scott not present when the case was submitted.