ARMSTRONG, Plaintiff in Error, v. MARMADUKE, Defendant in Error.

1. Under the statute (R. C. 1855, p. 645, § 37,) the owner of a slave can not be made liable for the loss of property belonging to plaintiff, where the offence charged against the slave was the burning of the barn, in which the property of the plaintiff was at the time. (Affirming Stratton v. Harriman, 24 Mo. 324.)

*Error to Lafayette Circuit Court.*

*Ryland & Son*, for plaintiff in error.

I. The testimony excluded was clearly competent and should have been admitted. This is not like the case of Harriman v. Stratton, 24 Mo. 324.

II. This case is founded on the statute of our state, not on the common law, and is clearly within the statute.

III. The burning of the barn and stables, and the hemp and corn and oats and hay stored in the barn and stables, is

arson in the third degree under our statute. (R. C. 1855, p. 571, § 5; 645, § 37.)

*Adams & Hicks*, for defendant in error.

I. The property against which the offence was committed was the barn in plaintiff's possession and not the contents of the barn. The offence was arson in the third degree and was by the plaintiff so charged in his petition. (R. C. 1855, p. 571, § 5; 645, § 37; Stratton v. Harriman, 24 Mo. 324.)

II. The plaintiff was precluded by his own petition from showing that the offence was other than arson in the third degree. In fact, if the offence consisted in burning the barn, it could not be reduced to arson in the fourth degree, by reason of personal property in the barn being consumed by the fire that burnt the barn. (R. C. 1855, p. 571, § 5, 6, 8.)

III. A master or owner is not liable at common law for an injury wilfully committed by his slave without his direction or consent, especially when the slave at the time is not in the performance of his master's business. (Jennings v. Kavanaugh, 5 Mo. 26; Ewing v. Thompson, 13 Mo. 132; Douglas v. Stephens, 18 Mo. 362; Shea v. Trice, 2 Bay, 345; Vergis v. Smith, 3 McCord, 400; 2 Kent Com. 259, 260; 17 Mass. Rep. 508.)

EWING, Judge, delivered the opinion of the court.

This was an action for an injury to plaintiff's property alleged to have been committed by defendant's slave, in burning a barn which contained it.

On the trial, the plaintiff offered to prove the value of the contents of the barn, and the rejection of this evidence is the only error assigned.

This action is founded on the statute which declares that "every person who shall be injured by the commission of any offence against his person as specified in the second article, or against his property as specified in the third article of this act, committed by a slave, shall have an action against the master or owner of such slave for the time to recover

any damages," &c.    (Cr. & P. art. 9, § 37.)    The petition alleges that " the plaintiffs have been injured by the commission of the crime of arson in the third degree by a slave named Green, the said defendant at the time being the master and owner of said slave ; that the said slave Green did, on, &c., in the county of, &c., wilfully set fire to and burn a barn and stables then in the possession and occupancy of said plaintiffs, and did thereby consume and destroy the same together with the contents thereof, consisting of the following property," which and the value are set out in the petition, consisting of hemp, hay, oats and corn.    " The said personal property, which was then the property of plaintiff, was consumed and destroyed, whereby they were damaged," &c.

The offence of arson in the third degree consists in wilfully setting fire to or burning in the night time any house, building, barn, &c., not the subject of arson in the first or second degree ; (R. C. 1855, p. 571, § 5;) and this is the offence charged in the petition ; it is the burning of the barn, and not the contents, which is made arson in the third degree.    If there were goods or chattels destroyed, the burning of these may constitute a different grade of that offence.

The liability of the master for the act of his servant in such cases depends wholly upon the statute, and the sole ground of that liability is the commission of *an offence* as specified in the provisions referred to.    There is no allegation that the defendant's servant wilfully set fire to or burnt the property within the barn, and there is no offence charged in reference to such property.

This view is sustained by Stratton v. Harriman, 24 Mo. 324.    The injury there complained of was the loss of a horse burnt in a barn and stable by defendant's servant.    But the barn was alleged to be the property of a third person, and the petition averred that the defendant's servant did wilfully set fire to and burn said barn and stable, and that there was in the barn and stable at the time a horse of the plaintiff which was consumed, whereby the horse was lost to plaintiff.

Judge Ryland, in delivering the opinion, says: " The offfence is arson in the third degree; the property against which the offence was committed is the barn and stable of Licklider, and not the contents of the barn and stable. The remedy is given for the damage done to the property offended against. Here the plaintiff shows that the property offended against is the stable and barn of Licklider. The offence set forth as committed by the slave is against the seventh section of the third article, and not the eleventh sectio.. (R. C. 1845, p. 355.) The defendant's slave committed arson in the third degree and not the fourth." Judgment affirmed.

NAPTON, Judge. I do not concur. The case of Stratton v. Harriman puts an interpretation on our statute to which I can not agree.