FANNIE DANIEL and C. G. DANIEL, JR., Executor of the Estate of C. G. DANIEL, SR., Deceased, v. J. E. MOLLETT, LESTER H. McFARLING and ELSIE McFARLING, His Wife, Appellants.—No. 39320.—188 S. W. (2d) 54.·

Division Two, June 11, 1945.

*Don C. Carter* for appellants.

*Fry & Edwards* and *J. O. Barrow* for respondents.

BOHLING, C.—Fannie Daniel and C. G. Daniel, Jr., as executor of the estate of C. G. Daniel, Sr., deceased, instituted this suit against J. E. Mollett, Lester H. McFarling and Elsie McFarling, his wife, to quiet title to 53 acres of land in Audrain county, Missouri; and to cancel a delinquent tax sale deed, and for damages. The court found for the plaintiffs, awarding damages on the basis of $2 per acre per annum until possession be restored. The real estate was sold under the Jones-Munger delinquent tax law (Laws 1933, p. 425 et seq.; Secs. 11108 et seq., R. S. 1939) at its third offering on November 2, 1942. Defendants bid the land in for $205. The taxes then due and payable amounted to $430.10. The trial court found the value of the land to be "in excess of $1060." The defendants have been before this court in a like role in the reported case of Kennen v. McFarling, 350 Mo. 180, 165 S. W. 2d 681, and the like case of De Tienne v. Mollett, 354 Mo. 166, 188 S. W. (2d) 954.

Defendants claim the land should be valued at $750 on the ground there was testimony that plaintiffs had agreed to sell it for $750 if they won the suit. While this was before the court for consideration, there was other evidence putting the value of the land at $1325 and as high as $1590. The court's finding of a value "in excess

of $1060'' is supported by the greater weight of the evidence of record.

Several cases have observed the Jones-Munger act contemplates that the bid at a tax sale thereunder should be sufficient to pay the delinquent taxes, interest, and charges where the reasonable value of real estate is greater than that amount. Bussen Realty Co. v. Benson (Banc), 349 Mo. 58, 66[6], 159 S. W. 2d 813, 817[5]; Mahurin v. Tucker (Mo.), 161 S. W. 2d 423[1]; Heagerty v. Hawkins (Mo.), 173 S. W. 2d 923, 928[7]. Consult Secs. 11127, 11129, 11131, R. S. 1939, among others. Section 11130 provides, in the event no bid equal to the delinquent taxes, interest, penalty, and costs be received at the first two offerings, that the land shall be sold at the third offering "to the highest bidder, and there shall be no period of redemption from such sales." Section 11131 makes it lawful for county courts to appoint a suitable person with discretionary authority to bid up to the sum of the taxes, penalties, interest, and costs at all sales where the provisions of Sec. 11130 are applicable "and to purchase at such sales all lands or lots necessary to protect all taxes due and owing and prevent their loss to the taxing authorities involved from inadequate bids. . . . Such person or persons so designated shall not be required to pay the amount bid on any such purchase but the collector's deed issuing on such purchase shall recite the delinquent taxes for which said lands or lots were sold, the amount due each respective taxing authority involved, and that the grantee in such deed or deeds holds title as trustee for the use and benefit of the fund or funds entitled to the payment of the taxes for which said lands or lots were sold." When lands thus bid in are sold, the law directs the application of any proceeds to the payment of costs incurred and the prorating of the balances to the funds entitled to receive the taxes.

The trial court considered the bid of $205 to be so much less than the $430.10 taxes due and so grossly inadequate as to constitute in and of itself a fraud upon the plaintiffs and the State of Missouri. As stated there was evidence establishing a value up to $1590. Defendants argue that the bid of $205 constituted a greater percentage of the value than the bid in cases relied upon to set the sale aside. However, no authorities are cited establishing ▆ reversible error. State ex rel. v. Innes, 137 Mo. App. 420, 118 S. W. 1168, Goode, J., writing, considered a bid of less than one-fifth of the value of the property grossly inadequate. The instant record does not justify our upsetting the holding of the trial court in view of the public policy of the State as evidenced in the Jones-Munger act and the decisions construing it. Cases supra; Rudd v. Scott, 351 Mo. 1206, 175 S. W. 2d 774; and Annotation, 152 A. L. R. 889—Missouri cases. See also Ellis v. Powell (Mo.), 117 S. W. 2d 225; Lindsay v. St. Louis, 345 Mo. 1141, 1148, 139 S. W. 2d 906, 909.

Complaint is made of the allowance of $2 per acre per annum as the rental value of the land. The record does not justify overturning this finding of fact. There was evidence to sustain it. A crop worth about $600 was taken off the 53 acres in 1943.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.