F. B. DeTIENNE v. HAZEL M. PETERS, WILLIAM W. PETERS, JR., HOWARD ALAN PETERS and JAMES WARREN PETERS, (Defendants), J. E. MOLLETT, LESTER McFARLING and ELSIE McFARLING, (Defendants), Appellants.—No. 39321.—188 S. W. (2d) 954.

Division Two, July 2, 1945.

*Don C. Carter* for appellants.

*Fry & Edwards* and *J. O. Barrow* for respondent.

WESTHUES, C.—This is an appeal from a decree of the Circuit Court of Pike County, Missouri, setting aside a deed executed by the Collector of Audrain County, Missouri, pursuant to a tax sale under the provisions of Art. 9, chapter 74, Mo. R. S. A., R. S. Mo. 1939, known as the Jones-Munger Delinquent Tax Laws. The plaintiff, De-Tienne, claimed to own a two-thirds interest in the land. The other one-third interest was claimed by the successors in title of Anna B. Peters. These heirs were named as defendants. Defendants, J. E. Mollett, Lester McFarling and his wife, Elsie, claimed to own the whole title under the deed set aside by the court. These latter defendants appealed.

The land involved contained eighty acres. It was sold at a tax sale held on November 3, 1941, for $180.00. The appellants were the purchasers. The taxes due at that time amounted to $455.73. The land in question had been offered for sale on two previous occasions, that is, in November, 1939, and November, 1940. It was assessed for the year 1941 at a valuation of $2300. The trial court found that the

value of the land at the time of the sale was in excess of $1600. The evidence amply sustained that finding. The trial court also found that the sale price was so grossly inadequate as to constitute a legal fraud. Note the wording of the ▮▮▮ decree:

". . . is null and void, and of no effect for the reasons that the consideration of $180 paid by defendants, J. E. Mollett and Lester McFarling, was so much less than the taxes due on said real estate and was so grossly and shockingly inadequate and unconscionable as to constitute in and of itself a badge of fraud and a fraud in law upon this plaintiff and the defendants, Peters, and the State of Missouri, the said real estate having a value at the time of the tax sale, in excess of $1,600."

The collector issued a deed to Mollett and the McFarlings dated November 3, 1941. This deed was recorded on November 4, 1941. These defendants also paid the taxes for the years 1941 and 1942. The trial court entered a judgment in plaintiff's favor for the rental value of the property at $2.00 per acre per annum from November 3, 1941, until appellants returned possession to plaintiff and his co-owners, the Peters heirs. Plaintiff also asked for partition and the court so decreed.

▮ The facts as above stated certainly authorized the trial court to enter the decree it did. See Daniel v. Mollett, No. 39,320, 354 Mo. 50, 188 S. W. (2d) 54; Heagerty v. Hawkins, 173 S. W. (2d) 923; Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. (2d) 813. Appellants do not seriously contend that the evidence above related does not support the finding of the court that the sale price was grossly inadequate. Appellants do, however, contend that under the peculiar facts in this case a court of equity should not grant plaintiff any of the relief asked for. The peculiar facts appellants have in mind, and as disclosed by the record, are as follows: The record title to the land at the time of the tax sale on November 3, 1941, was in the name of Hallie Bauer, Clara Harrison and Anna B. Peters. After the sale and after the purchasers of the land at the sale had recorded their deed Clara Harrison, on December 15, conveyed her one-third interest in the land to plaintiff, F. B. DeTienne, for a consideration of $35.00. On January 6, 1942, Hallie Bauer conveyed her one-third interest to plaintiff for a consideration of $20.00. The interest of Anna B. Peters was not purchased by plaintiff. The record shows that Anna B. Peters died on May 23, 1940, and that defendants, Hazel M. Peters, William W. Peters, Jr., Howard Alan Peters and James Warren Peters owned the one-third interest of Anna B. Peters at the time the present suit was filed. Howard Alan Peters was a minor. A guardian ad litem, appointed by the court, filed an answer wherein he adopted the allegations of plaintiff's petition and also joined in a prayer for partition. The other Peters defendants filed a similar answer.

▮ It is appellants' contention that since plaintiff paid only $55.00 for a two-thirds interest in this land and since he was a total stranger

until after the sale and after the deed of the purchasers at the sale had been recorded, he has no right to complain or charge that the $180.00 paid by the purchasers was grossly inadequate. Appellants assert that a court of equity will not aid a plaintiff standing in the circumstances as shown by this record. In this we think appellants are correct. This land was sold under the provisions of sec. 11130, R. S. Mo., 1939, Mo. R. S. A., which provides that if land is offered for the third time there will be no right of redemption. The purchasers at the sale had the right and did immediately record their deed. Plaintiff, therefore, had notice of the sale. With this knowledge he purchased a two-thirds interest in the land from the former owners for the nominal sum of $55.00. Can he maintain an action in equity to set aside the sale on the theory that the price of the land at the sale was so grossly inadequate as to be fraudulent in law? We think not. We desire to call attention to a case decided by division one of this court, Wetmore v. Berger, No. 39386, 354 Mo. 158, 188 S. W. (2d) 949, in which the property was subject to be redeemed under the statute and therefore the purchaser of the land at the tax sale bought it subject to that right of redemption. It was held that the holder of the title who purchased the interest of the owners at the time of the sale, bought the land with the right of redemption. That, however, is not a fact in this case.

Generally speaking,

"A stranger to the transaction who does not claim under the party defrauded has no right of action. Thus, where fraud occurred in the original sale of property, there can be no recovery for such fraud by a subsequent donee, grantee, trustee, or purchaser." 37 C. J. S. 344, sec. 60 (b). See also State ex rel. Park Nat. Bank v. Globe Indemnity Co., 332 Mo. 1089, 61 S. W. (2d) 733, l. c. 736 (5-7) and Monticello Bldg. Corp. v. Monticello Investment Co., 330 Mo. 1128, 52 S. W. (2d) 545, l. c. 552 (11, 12), where this court said:

"One may purchase a cause of action at law and enforce all legal rights which go with it, but the right to appeal to the conscience of a court of equity cannot be bought or sold."

In 6 C. J. S. 1085, sec. 35 (b), we note the following:

"A bare right to sue in equity for fraud separate and distinct from a property right is not assignable as being against public policy and savoring of maintenance."

That language is appropriate in this case. The plaintiff, being a total stranger to any interest in the title to this land until after the tax sale and recording of the deed, could not purchase with the title a right to maintain an action for fraud. A right of redemption is a right inherent in the title itself which is assignable. In this case plaintiff appeals to the conscience of a court of equity and asks that a sale be set aside because the owners of the property were defrauded. The owners of the property, whose interest he purchased, are not asking

the court of equity to do this. Plaintiff does not stand in a position to reap the benefit of the decree he asks because he was not injured by the sale of the land. The decree entered by the trial court does not benefit the parties that were injured by the tax sale, except the heirs of Anna B. Peters who owned a one-third interest. The defendants who purchased the land at the tax sale were guilty of no fraud. They merely bid on the land which they had a right to do. If it was fraud it was only because the price was grossly inadequate.

Plaintiff questioned the sufficiency of the recitals in the deed. These questions were settled in Burris v. Bowers, 352 Mo. 1152, 181 S. W. (2d) 520.

There are other facts, however, which complicate the situation. Here we have parties who own a one-third interest in the land and who were legal owners at the time of the sale. One of these is a minor. These defendants, by their answer, adopted the allegations of plaintiff's petition and also asked for partition. This calls for an application of fundamental equitable principles. One of these is, that when a court of equity takes jurisdiction of a case it will do complete justice and settle all the rights of the parties affected. In this case all the parties interested are in court and the court can adjudicate their rights. This court, under the present record, is in no position to do this. The case will therefore have to be remanded to the trial court for adjudication of the rights of the owners of the one-third interest in this land, being the successors in title of Anna B. Peters and the purchasers at the tax sale. As to them the tax title should be approved for a two-thirds interest.

We therefore reverse the judgment of the trial court and remand the cause with directions to the trial court to determine and adjudicate the rights of the parties in conformity with this opinion. It is so ordered. *Bohling, C.,* dubitante; *Barrett, C.,* concurs.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.