Peter FRENCH, et al., Plaintiffs-Appellants,

v.

William JOCHENS, et al., Defendants-Respondents.

No. 45384.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 2, 1982.

---

David M. Duree, Leritz & Reinert, P.C., St. Louis, for plaintiffs-appellants.

Joseph Mueller, St. Louis, for defendants-respondents.

DOWD, Judge.

Plaintiffs appeal from the trial court's order dismissing Count III of the petition for failure to state a claim upon which relief can be granted.

Plaintiffs filed a petition in two counts against William Jochens and St. Louis County Roofing Company. Count I alleged defendants negligently constructed plaintiffs' roof, causing damages of $20,000. Count II alleged defendants breached their implied warranty to construct the roof in a good and workmanlike manner. With leave of court, plaintiffs added County Roofing and Insulation Company, Inc. as a party defendant and amended the petition by adding Count III. Count III sought actual and punitive damages for defendants' fraudulent misrepresentation that they were covered by property damage and liability insurance. On December 9, 1981, the trial court sustained the separate motion of defendants Jochens and St. Louis County Roofing Company to dismiss Count III for failure to state a claim against them. Plaintiffs then filed alternative motions asking the court (1) to reconsider its ruling on defendants' motion to dismiss, (2) to grant plaintiffs leave to amend Count III, (3) to state the reason for dismissal of Count III, or (4) to designate the order of December 9 as final and appealable pursuant to Rule 81.06. On January 19, 1982, the trial court overruled plaintiffs' motion to reconsider and designated the December 9 order as final and appealable.

On appeal plaintiffs contend the trial court erred in dismissing Count III in that it stated a cause of action for fraudulent misrepresentation upon which relief can be granted. Plaintiffs also allege error in the trial court's refusal to identify any deficiencies in Count III and its refusal to grant leave to amend.

Count III of the petition incorporated the allegations of Counts I and II that, inter alia, defendants constructed a roof for plaintiffs, who paid defendants in full; thereafter the roof leaked, causing extensive damage to the roof and the building. Count III further alleged the following. To induce plaintiffs to hire defendants to perform the roof work, defendants represented that they were "fully covered by property damage and liability insurance." Defendants knew at the time they were not so covered. Plaintiffs relied upon defendants' representations and as a result suffered damages in the amount of $20,000. For defendants' willful and malicious actions, plaintiffs asked $50,000 punitive damages.

In reviewing the dismissal of a petition for failure to state a claim, we construe the petition most favorably to plaintiff; we grant it every reasonable intendment in light of the facts alleged and the inferences fairly deducible therefrom. *Schimmer v. H.W. Freeman Construction Co.,* 607 S.W.2d 767, 769, 770 (Mo.App.1980). If the allegations invoke principles of substantive law

which would entitle plaintiff to relief, the petition is not to be dismissed. *Id.* at 769.

■ Under Rule 55.15, all averments of fraud must state with particularity the circumstances constituting fraud, although malice, intent, or other states of mind may be averred generally. *Huttegger v. Davis,* 599 S.W.2d 506 (Mo. banc 1980), enumerates the elements of fraudulent misrepresentation: a false, material representation; the speaker's knowledge of its falsity or ignorance of its truth; his intent that the hearer act upon it in the manner reasonably contemplated; the hearer's ignorance of its falsity, his rightful reliance on its truth, and his proximate injury. *Id.* at 511. Quoting *Latta v. Robinson Erection Co.,* 363 Mo. 47, 248 S.W.2d 569, 576 (banc 1952), the court then reiterated the elements of a cause of action for fraud:

> that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury and damage.

*Huttegger,* 599 S.W.2d at 512.

■ Accepting as true the facts alleged and all the reasonable inferences therefrom, we find that defendants represented as fact that they had property damage and liability insurance. The statement was not true and defendants knew it was untrue. Since defendants made the statement to induce plaintiffs to hire them, we may infer a general averment that defendants intended to deceive plaintiffs as to the statement's truth. *See Schimmer,* 607 S.W.2d at 770. Plaintiffs relied on the statement, hired defendants, and paid them for their work. When the roof leaked, plaintiffs suffered pecuniary injury of $20,000 because defendants were not insured for property damage and liability as to their work on the roof.

We believe that these allegations, if proven, would entitle plaintiffs to relief. Count III pleads with sufficient particularity a cause of action for fraudulent misrepresentation under the requirements of *Latta,* 248 S.W.2d at 576, as quoted in *Huttegger,* 599 S.W.2d at 512. Count III, therefore, was improperly dismissed.

In light of this finding, we need not address plaintiffs' second point.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

SNYDER, P.J., and LACKLAND H. BLOOM, Special Judge, concur.