**CITY OF FENTON, Appellant,**

v.

**EXECUTIVE INTERNATIONAL INN, INC., et al., Respondents.**

No. 51515.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

Donna Aronoff Smith, Robert S. Adler, St. Louis, for appellant.

Jerome Wallach, St. Louis, for respondents.

SATZ, Presiding Judge.

Plaintiff, the City of Fenton (Fenton), sued defendants, Executive International Inn, Inc. and its owners and officers, in two Counts: Count I—fraud; Count II—breach of contract. On defendants' motion, the trial court dismissed Fenton's petition. Fenton appeals. We affirm.

Fenton pleads its fraud count in 28 numbered paragraphs and pleads its breach of contract count in 24 numbered paragraphs. Stripping the petition to its essentials, Fenton alleges: On May 18, 1970, defendants petitioned Fenton for a change in zoning of defendants' property. During a special meeting of the Board of Aldermen at which defendants' petition for rezoning was discussed, defendants allegedly promised to rebuild a roadway running through its property for use as a public street. On September 21, 1970, Fenton passed an ordinance changing the zoning as requested by defendants and did so, allegedly, in reliance on defendants' statement. In a 1972 letter and, again, as late as September 25, 1978, defendants allegedly agreed to rebuild the roadway, but defendants failed to do so. Fenton filed suit in September, 1980. The trial court's dismissal and this appeal followed.

Fenton's petition carries us to the edge of an area of the law usually referred to as "conditional zoning" or "contract zoning." It is an area into which only the more courageous municipalities and adventurous developers go, and, once in that area, the legal relations of the municipalities and

developers serve as an unending source of commentary. *See,* 1 Rohan, *Zoning and Land Use Controls,* Chap. 5 *Contract and Conditional Zoning,* (1987); 2 Anderson, *American Law of Zoning,* §§ 9.20–9.22 (3rd ed 1986). We need not venture into that area. We need only to remain at its edge, at the pleading stage. ˌ

■ The general rules governing pleadings are well established. Technical forms of pleading are no longer required. Rule 55.04. To plead a claim for relief, the pleader must simply allege a "plain statement of the facts showing [he] is entitled to relief...." Rule 55.05. Although the pleader need not allege evidentiary facts, *e.g., Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976), he must allege ultimate facts, *Id.* at 290, and cannot rely on mere conclusions. *E.g., Commercial Bank of St. Louis v. James,* 658 S.W.2d 17, 22 (Mo. banc 1983). More specifically, fraud must be pleaded with particularity. Rule 55.15; *see, e.g., Green Acres Enterprises, Inc. v. Nitsche,* 636 S.W.2d 149, 154 (Mo.App. 1982). Following these guidelines, we have read Fenton's allegations of fraud, and we find Fenton has failed to plead this claim properly.

We need not discuss all of the fatal defects in Fenton's lengthy allegations. We discuss only one of them.

Fenton alleges that defendants represented they would rebuild the roadway in compliance with Fenton's specifications. This misrepresented defendants' then existing intent, Fenton alleges, because defendants had no intention of complying with the specifications. Fenton, however, fails to allege particular facts supporting the allegation that defendants' representation was false, or facts showing defendants' intent at the time was not to act as they had represented. Indeed, Fenton's allegations reveal that defendants had started to improve the roadway, but their efforts were interrupted by an injunction which stopped construction of the roadway due to a dispute over construction methods. While intent is a fact and, thus, can be the existing fact misrepresented, *Sofka v. Thal,* 662 S.W.2d 502, 507 (Mo. banc 1983), the facts as pleaded here support the truth rather than the falsity of defendants' representations *at the time they were made.* From Fenton's allegations, it appears defendants' representations were accompanied by an intent to abide by them since they had initiated the construction project before it was stopped by legal action. Thus, as pleaded, defendant's alleged statement was not a misrepresentation of a then existing fact. *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 319 (Mo.App.1982). At best, as pleaded, defendants' alleged statement was a promise, and the breach of a promise does not create an action for fraud. *Sofka v. Thal, supra* at 507. Thus, Fenton failed to plead a claim for relief in fraud.

Fenton also alleges that defendants again promised to complete the work on the roadway after the injunction had been removed. Fenton does not claim these later statements were false at the time defendants made them, nor does Fenton claim it was further damaged in reliance on them. Apparently, Fenton made these allegations to explain its failure to discover defendants' alleged misrepresentation earlier. These allegations may be relevant to the issue of when the statute of limitations was tolled. *See, e.g., Kueneke v. Jeggle,* 658 S.W.2d 516, 518 (Mo.App.1983). As pleaded, however, they amount to unfulfilled promises rather than fraudulent misrepresentations. *See Sofka v. Thal, supra.*

■ Fenton's contract count is also fatally defective. According to its allegations, Fenton rezoned defendants' property "in consideration of" defendants' promise to rebuild the roadway as a public street. Normally, to ensure compliance with this kind of agreement, the municipality and developer will agree to an enforcement mechanism at the time the rezoning ordinance is passed. The parties may enter into either a separate express agreement or a restrictive covenant, or the municipality may pass the ordinance with a reverter provision rezoning the land to its original classification if the condition is not complied with. *See Rohan, supra,* § 503[2]. Fenton rests its claim on the first mechanism—an alleged contract between it and

defendants. However, nowhere in the record, certainly nowhere in Fenton's pleadings, is there any allegation or indication this contract was in writing. Quite simply, no valid contract could exist if it is not a written contract. § 432.070 RSMo. 1986.

Section 432.070 requires all contracts made by a municipality to be in writing, dated when made and signed by the parties.[1] These provisions are mandatory, not merely directory. *Needles v. Kansas City,* 371 S.W.2d 300, 306 (Mo.1963), and, as we understand the provisions, a contract made in violation of them is void rather than voidable. *See, Bride v. City of Slater,* 263 S.W.2d 22, 26–28 (Mo.1953); *City of Warrensburg, Mo. v. RCA Corp.,* 571 F.Supp. 743, 758–59 (W.D.Mo.1973). Thus, Fenton's contract count also fails.

Judgment affirmed.

CRIST and KELLY, JJ., concur.

---

1. Section 432.070 provides:
   No county, city, town, village, ... or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, ...; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.