Philip HANRAHAN, Plaintiff–Appellant,

v.

NASHUA CORPORATION, Defendant–Respondent.

No. 53608.

Missouri Court of Appeals, Eastern District, Division Five.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied July 26, 1988.

Fred Roth, Clayton, Russell Anthony Willis III, Ellisville, for plaintiff-appellant.

Patricia McFall, Thomas M. Hanna, St. Louis, for defendant-respondent.

SIMEONE, Senior Judge.

This is an appeal by plaintiff-appellant, Philip Hanrahan, from an order entered on August 5, 1987, designated as final, by the circuit court of the City of St. Louis dismissing Counts II and III, and striking certain portions of Count I, of the appellant's fourth amended petition. We dismiss the appeal as to Count I and affirm the order as to the other counts.

Appellant, Philip Hanrahan, had been employed as a salesman by the defendant-respondent, Nashua Corporation of New Hampshire, as its St. Louis area manager from 1960 through April, 1981. At all times appellant was an employee-at-will. On April 10, 1981, at the age of 53, his employment was terminated. On January 7, 1982, he commenced a civil suit in one count against Nashua for failure to provide him a service letter, pursuant to § 290.140, R.S.Mo.1986. He subsequently filed amended petitions, amending the service letter count and adding other counts. On June 8, 1987, appellant filed his fourth amended petition. That petition is in four counts. Count I sought damages for the failure of Nashua to provide him with a proper service letter stating the true nature and character of his work, and the true reason for his separation, and for failing to state certain particulars concerning his termination because of his age. Count II originally sought damages and attempted to allege a claim of "bad faith in breaching its [Nashua's] implied contract" with appellant in that certain "established company policies were not followed." After Nashua filed a motion to dismiss, this count was amended by interlineation to assert that the defendant "has shown by its acts, has shown tortious interference with Plaintiff's business relationship in that [certain] established company policies were not followed...."

Count III sought to allege a claim of fraud. Appellant alleged that defendant concealed from his personnel file favorable recommendations for advancements and promotions so that by "fraud and deceit," and with intent to damage, defendant hid or destroyed certain documents so as to cause him to "separate himself from his employment" and be "denied income, retirement, insurance and pension benefits." The petition alleged defendant represented

that "all of his documents were contained in his personnel file when in truth and in fact Defendant knew said favorable documents to Plaintiff had been hidden and concealed." Count III also alleged that "said representations were material" and that he "relied" upon the "truthfulness of said representation." As a result, he alleged that he suffered damages in losing his employment, retirement and pension benefits. Count IV sought punitive damages, ancillary to Count III.

On June 22, 1987, Nashua filed a motion to strike all references to plaintiff's age and retirement benefits in the fourth amended petition because appellant had earlier sought recovery in a civil suit based on allegations of age discrimination, pursuant to the federal Age Discrimination In Employment Act, 29 U.S.C. § 621 *et seq.* and Chapter 213, R.S.Mo.1986. This earlier civil suit was dismissed by the circuit court.

On the same date Nashua filed a motion to dismiss Counts II and III of the fourth amended petition, or in the alternative, for summary judgment, for the reasons, *inter alia,* that Count III (fraud) failed to state the facts constituting fraud, with particularity. Rule 55.15. The motion further alleged that plaintiff cannot show he was proximately injured by any "concealment" or that he relied thereon to his detriment. The motion did not attack the "tortious interference" allegations amended by interlineation, because appellant amended his fourth amended petition after the motion to dismiss was filed.

On August 5, 1987, the trial court sustained Nashua's motion to dismiss Counts II (tortious interference) and III (fraud) and sustained Nashua's motion to strike all allegations in Count I (service letter) with reference to appellant's age and retirement benefits. The trial court designated the order a final one for purposes of appeal. Rule 81.06, the Rule in effect at the time of the order. Rule 81.06 has been repealed. *See* Rule 74.01 effective January 1, 1988. The court did not rule on the alternative motion for summary judgment.

Appellant raises three points on appeal. He contends that the trial court erred (1) in dismissing Count II because the petition states a claim for tortious interference, (2) in dismissing Count III because the petition states a claim in fraud, and (3) in striking the references to age and retirement benefits from Count I because he complied with federal and state law. In the alternative, appellant contends that the court erred in granting summary judgment because there were genuine issues of material fact to be resolved.

■ Initially we make two observations: First, Rule 74.04 is not applicable. The only matters outside the pleadings presented to the trial court were matters relating to age and retirement benefits in connection with respondent's motion to strike such references. Before a motion to dismiss may be treated as a motion for summary judgment, when matters outside the pleadings are presented [Rule 55.27(a)], the court must notify the parties it is so doing. *See Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 629 (Mo.App.1975). The trial court did not do so. Therefore we review the order of the trial court in that perspective to determine whether the fourth amended petition states a claim.

■ Secondly, while the order dismissing Counts II and III is appealable, the order striking all references to age discrimination in Count I (the service letter count) is not an appealable order. The court left intact the service letter count but struck all references to age discrimination and retirement benefits. That count is still pending.

■ The most recent decision by the Supreme Court construing Rule 81.06, prior to its repeal, is *Speck v. Union Elec. Co.,* 731 S.W.2d 16 (Mo. banc 1987). In *Speck,* the court reexamined the rulings under Rule 81.06 and held, *inter alia,* that before a trial court may in its discretion designate a partial disposition final for purposes of appeal under the second sentence of Rule 81.06, there must have been "a separate

trial ... before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case." Where such is not the case, the second sentence of Rule 81.06 is inapplicable and it is not within the court's discretion to designate its order final for purposes of appeal. Where there is simply a pretrial order relating to a procedural matter, there is no final judgment or order for purposes of appeal. *Harting v. Stout*, 690 S.W.2d 458, 459 (Mo.App.1985)—order imposing sanction; *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App.1984); *Wirthlin v. Wirthlin*, 662 S.W.2d 571, 572 (Mo.App.1983)—motion to transfer cause from equity to jury trial docket; *Fombelle v. Poteete*, 655 S.W.2d 801, 802 (Mo.App.1983). The order striking references to age discrimination in Count I, but leaving intact the service letter count, is therefore not an appealable order since it relates only to a procedural matter and is not a final order for purposes of appeal. *See Speck v. Union Elec. Co.*, *supra*, 731 S.W.2d fn. 3 at 20–21. However, the order dismissing Counts II and III is appealable. The hearing on the motion to dismiss Counts II and III for failure to state a claim is considered as a separate trial before the court without a jury and the dismissal order was designated as final for purposes of appeal. *See Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686, 689 (Mo.App.1973); *Spires v. Edgar*, 513 S.W.2d 372, 376 (Mo. banc 1974).

We therefore consider the merits of the order dismissing Counts II and III and the ancillary Count IV.

In ruling on a motion to dismiss, we accept as true all the averments in the amended petition, and all the reasonable inferences therefrom, and we construe the amended petition most favorably to the appellant, and grant it every reasonable intendment in light of all the facts alleged. *Schimmer v. H.W. Freeman Construction Co.*, 607 S.W.2d 767, 769 (Mo.App.1980); *French v. Jochens*, 642 S.W.2d 677, 678

(Mo.App.1982). Even under these liberal pleading principles, Counts II and III, and the ancillary Count IV of the fourth amended petition fails to state a claim upon which relief can be granted.

The court did not err. Count II—the tortious interference count—failed to allege the essential elements of intent to interfere or that the acts were done without justification. *See Fischer, Etc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. banc 1979); *Pillow v. General American Life Ins. Co.*, 564 S.W.2d 276, 280 (Mo.App.1978).

■ To properly plead the tort of interference with business relations, plaintiff must allege:

(1) A contract or a valid business relationship or expectancy;

(2) Defendant's knowledge of the contract or relationship;

(3) Intentional interference by the defendant inducing or causing a breach of contract or relationship;

(4) Absence of justification; and

(5) Damages resulting from defendant's conduct.

*See, e.g., Herring v. Behlmann*, 734 S.W.2d 311, 314 (Mo.App.1987).

■ Plaintiff's petition alleges defendant's acts constituting "interference" included setting unrealistic sales quotas, restricting his sales territory, failing to competitively price its products, producing inferior goods, failing to furnish samples to customers, and scrutinizing his company expense accounts. Nowhere does plaintiff allege that defendant had no legal right to unilaterally take any of these actions. Consequently, plaintiff has failed to plead the element of absence of justification in his tortious interference claim. *Pillow, supra*, 564 S.W.2d at 281. Because absence of justification is an essential element of a tortious interference claim, plaintiff has failed to properly plead a claim for interference with defendant's customers.

■ As to Count III (fraud), it is clear that that count did not comply with Rule

55.15. The Rule requires all averments of fraud to be stated with particularity. In the absence of compliance with the Rule, no claim is stated. *See Heitman v. Brown Group, Inc.*, 638 S.W.2d 316, 319 (Mo.App. 1982); *Huttegger v. Davis*, 599 S.W.2d 506 (Mo. banc 1980); *Latta v. Robinson Erection Co.*, 363 Mo. 47, 248 S.W.2d 569, 576 (banc 1952); for the elements of fraud *see Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). Plaintiff must plead every essential element of fraud, and failure to plead any element renders the claim defective and subject to dismissal. *Wieners v. Miller*, 683 S.W.2d 659, 660 (Mo.App. 1984).

■ The elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the representation be acted upon by the other party; (6) the other party's ignorance of its falsity and right to rely on its truth; which (7) proximately caused injury. *Green Acres Enterprises, Inc. v. Nitsche*, 636 S.W.2d 149, 153 (Mo.App.1982).

■ Plaintiff's petition did not state facts with particularity concerning any alleged fraud, nor did the petition state with particularity the circumstances under which the alleged representations were made, nor what individuals made such representations and whether they had authority. *See Green v. Green*, 606 S.W.2d 395, 398 (Mo.App.1980); *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 566 (Mo.App.1987).

■ Furthermore, plaintiff has failed to allege facts showing a causal connection between the alleged fraud of secreting favorable recommendation letters, and the damages or harm allegedly sustained. Damages must flow from the fraud as the proximate cause and not the remote cause. *Heberer, supra*, 744 S.W.2d at 443–44. Plaintiff concludes, without any supporting factual allegations, that if he had known those favorable recommendations were not in his personnel file, he some how could have avoided being terminated. It is not for the trial court, however, to speculate how plaintiff would have accomplished this. *See Miller, supra*, 732 S.W.2d at 566. Plaintiff's reliance on mere conclusions also renders this fraud claim fatally defective. *See Commercial Bank of St. Louis v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983).

There is a more fundamental and basic reason why the order of the trial court dismissing Counts II and III should be affirmed. The fourth amended petition is essentially one for wrongful discharge from employment under the umbrella of the theories of tortious interference of business expectancies and fraud. At oral argument it was suggested that this cause could additionally be disposed of on this basis. We agree.

On February 17, 1988, our Supreme Court decided *Johnson v. McDonnel Douglas Corporation*, 745 S.W.2d 661 (Mo. banc 1988). In that proceeding, the court recognized the continued validity of the employment-at-will doctrine in Missouri. The court expressly held that for an at-will employee to state a claim for wrongful discharge, he must plead the essential elements of a valid contract, and a discharge in violation thereof. The essential elements of a valid contract include offer, acceptance and bargained for consideration. The court rejected the notion that a handbook can form a part of the contract, and that absent a "valid contract of employment between the parties," "an at-will employee could be discharged for cause or without cause," and in the absence of a "constitutional provision, statute, or a regulation based on a statute," plaintiff has no cause of action as a matter of law. *Johnson, supra*, 745 S.W.2d at 662–63.

■ As we read this decision of the Supreme Court, it is of no matter what particular legal theory an employee asserts against the employer for a claim of wrongful discharge, whether it be for prima facie tort (*Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985)), implied contract, as asserted in Hanrahan's fourth amended petition before

being amended by interlineation, fraud, tortious interference with business relations,[1] outrageous conduct (*Stinson v. Burns & McDonnell Eng. Co., Inc.,* No. 85–1419–CV–W–5–AF, W.D.Mo., March 25, 1988), or any other legal theory which may seek to allege such a claim. The decision stands for the principle that there is no claim for wrongful discharge absent a valid contract, constitutional provision, statute,[2] or regulation based on statute.

Therefore, in view of *Johnson v. McDonnel Douglas, supra,* the appellant did not, and could not, state a claim, regardless of the ingenuity of his legal theory.

Under all the circumstances, and giving Counts II and III of the fourth amended petition every favorable construction, we conclude that the trial court did not err in dismissing Counts II and III.

The appeal from the order striking references to age discrimination and retirement benefits in Count I is dismissed as not being a final order. The order dismissing Counts II and III is affirmed.

CARL R. GAERTNER, P.J., and GRIMM, J., concur.

---

1. *Cf., Eib v. Federal Reserve Bank,* 633 S.W.2d 432 (Mo.App.1982); *Casterline v. Stuerman,* 588 S.W.2d 86 (Mo.App.1979). In *Eib,* the Western District held that a claim for tortious interference against corporate officers in their individual capacities was available, as a remedy, and the court distinguished such action for tortious interference from wrongful discharge. In the case at bar, it is clear that the gist of appellant's petition, and the legal file, shows that appellant asserts a claim for wrongful discharge—which appellant attempted to amend by interlineation after Nashua filed its motion to dismiss.

2. Appellant's claim for age discrimination under the federal law, 29 U.S.C. § 621 *et seq.* may still be viable and processed either administratively or civilly under the law. That claim, however, is a separate one and is not in issue here. We do not pass on any alleged age discrimination claim.