**EMPIRE BANK, Respondent,**

v.

**WALNUT PRODUCTS, INC., C & D Sales, Inc., and Kenneth K. Christgen, Sr., Appellants.**

No. 15402.

Missouri Court of Appeals, Southern District, Division One.

May 13, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied May 31, 1988.

Application to Transfer Denied July 26, 1988.

---

Martin M. Bauman, St. Joseph, for appellants.

B.H. Clampett, James L. Bowles, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for respondent.

HOLSTEIN, Judge.

Defendants Walnut Products, Inc., C & D Sales, Inc., and Kenneth K. Christgen, Sr. (hereafter "defendants") appeal from a dismissal of their identical counterclaims, each alleging fraud by plaintiff Empire Bank (hereafter "Bank"). The trial court sustained the Bank's motion to dismiss the three counterclaims. We affirm in part, reverse in part, and remand.

The Bank filed a petition for rent and possession of certain real property. The defendants filed counterclaims unrelated to the Bank's petition. In the counterclaims, the defendants allege Walnut Products is a guarantor of certain debts of International Timbers Enterprises, Inc. (hereafter "International") and the principal shareholder of C & D Sales, Inc. C & D Sales, Inc. is a principal creditor and partial owner of International and also a guarantor of certain debts of International. Christgen claims to be a principal shareholder in Walnut Products, Inc.

International is alleged to be unable to pay its financial obligations and to have filed a petition in bankruptcy. According to the counterclaims, the Bank's "employees and agents assisted the President of International Timbers Enterprises, Inc. in formulating and promoting a plan to secure an SBA [Small Business Administration] loan in the summer of 1983. Documents were produced and presented ... that loan proceeds would allow International Timbers Enterprises, Inc. to carry out" a business plan to pay specified debts and retain a portion of the loan proceeds for operating capital. In fact, "the proceeds were to be principally paid to Plaintiff...." The counterclaims further allege that the representations contained in the plan were false and that each "defendant was lead [sic] to believe that International Business [sic—Timber?] Enterprises, Inc., would be able to continue business."

The counterclaims state, "Plaintiff knew or should have known that the proceeds of the SBA loan would not be disbursed as represented" and "Plaintiff knew that said representations were false...." Each of the defendants claims to have "relied upon the representations made by Plaintiff ... in this defendant's financial dealings with International Timber...." Each of the defendants claims it had a right to rely on the representations and suffered damages as a "direct result and approximate [sic] result of the actions of plaintiff...." The representations made by the plaintiff to each

defendant are claimed to be material and each of the counterclaims closes by alleging "the actions of plaintiff were wilful, wanton or malicious...."

Motions to dismiss these pleadings were filed by the Bank. Following oral argument and briefing, the trial court sustained the motions to dismiss the counterclaims. This appeal followed.

In reviewing the dismissal of the counterclaims for failure to state a cause of action upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleadings the broadest intendment, treating all facts alleged as true, and construing all allegations favorably to defendants, the averments invoke principles of substantive law entitling defendants to relief. *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985). Under Rule 55.15,[1] all averments of fraud must state with particularity the circumstances constituting fraud, although malice, intent, or other states of mind may be averred generally. *Clark v. Olson,* 726 S.W.2d 718, 719 (Mo. banc 1987); *French v. Jochens,* 642 S.W.2d 677, 679 (Mo.App.1982). Although the pleader need not allege evidentiary facts, he must allege ultimate facts and cannot rely on mere conclusions. *City of Fenton v. Executive International Inn,* 740 S.W.2d 338, 339 (Mo.App.1987).

The elements of fraud are (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of the falsity or his ignorance of its truth, (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximately caused injury. *Clark v. Olson, supra.*

In the Bank's argument before the trial court and its brief on appeal, three bases are suggested why the counterclaims fail

1. All references to rules are to Missouri Rules of Court, V.A.M.R. and unless otherwise indicated, all references to statutes are to RSMo, 1986.

to state a cause of action. Those are (1) the representations allegedly made by the Bank related to a future event as distinguished from a past or present fact, (2) the defendants had no right to rely on the misrepresentation because, as a matter of law, the management of International and consequently the manner in which the proceeds of the loan were to be spent, is vested in its board of directors, and (3) the defendants do not allege that they are "hearers or other persons" who are entitled to sue, as those terms are used in the enumeration of the elements of fraud.

▇▇▇ With regard to the first basis advanced, it is true that statements of intent as to future events are not actionable. However, a promise accompanied by a present intent not to perform the promise is a misrepresentation of a present state of mind and will support an action for fraud. *Sofka v. Thal,* 662 S.W.2d 502, 507 (Mo. banc 1983). Assuming as true the claim that the proceeds of the loan were intended by the president of International and the Bank to be applied principally to debts owing to the Bank rather than applied as provided in the plan, the plan was a misrepresentation of the present state of mind of the president of International and is sufficient to support actionable fraud. Assuming the defendants are able to prove that the Bank knew that International's president had no intent to carry out the plan at the time the plan was communicated, the Bank was fully cooperating in and a party to the fraudulent "promise" of International's president to apply the proceeds according to the plan. Any one or more of several persons participating in the perpetration of an actionable fraud becomes a fraud-feasor. *Orlann v. Laederich,* 338 Mo. 783, 92 S.W.2d 190, 194 (1936).

▇▇▇ The second reason why the Bank claims the counterclaims fail to state a cause of action is § 351.310, which provides:

The property and business of a corporation shall be controlled and managed by a board of directors.

The Bank suggests that because all men are presumed to know the law, the defend-

ants must be held to have known that the loan proceeds would be spent under the exclusive direction of International's board of directors, citing *Reed v. Cooke,* 331 Mo. 507, 55 S.W.2d 275, 277 (Mo. banc 1932). The *Reed* case is factually distinguishable. There, the plaintiff was an experienced banker and was presumed to know that pursuant to what is now § 362.335.1, only "the directors [of a bank] may appoint and remove any cashier, secretary, or other officer or employee at pleasure." Thus, the plaintiff in that case was not entitled to rely on a promise of employment as the bank's general manager made by someone other than the board of directors of a bank.

▇▇▇ General business corporations are not subject to § 362.335. Section 351.360, applicable to such corporations, provides:

(1) Every corporation organized under this chapter shall have a president ...

(2) All officers and agents of the corporation, as between themselves and the corporation, shall have such authority and perform such duties in the management of the property and affairs of the corporation as may be provided in the bylaws, or, in the absence of such provision, as may be determined by resolution of the board of directors.

Contrary to the assertions of the Bank, the defendants are not charged, as a matter of law, with knowing the extent to which the president of International was authorized to control the proceeds of the SBA loan. Certainly the president of a corporation is in a better position to know the extent of his authority to act on behalf of the corporation than are creditors of the corporation. A hearer is entitled to rely upon representations when he lacks equal facilities for learning the truth and where the facts are peculiarly within the knowledge of the speaker and are difficult for the hearer to ascertain. *Essex v. Getty Oil Co.,* 661 S.W.2d 544, 550 (Mo.App.1983); *Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627, 637 (Mo.App.1980).

The third reason suggested for justifying dismissal of the counterclaims is that the defendants "are not 'hearers' or 'other persons' " as those terms are used in the enu-

meration of the elements of a fraud claim and defendants, "only marginally connected to the transaction, lacked the standing or capacity to sue."

The Bank argues that the intended victim of the fraud was International, while defendants argue they were the intended victims. The counterclaims are broad enough to include either or both as the intended victims.

■ If the intended victims were the corporate defendants, their claims for fraud will not be defeated because the misrepresentation was communicated through an innocent intermediary. *Essex v. Getty Oil Co., supra,* 551; *Wilson v. Murch,* 354 S.W.2d 332, 337 (Mo.App.1962). Here C & D Sales and Walnut Products plead they relied on the representations and the Bank's actions were willful; they are defrauded parties, not creditors of defrauded parties.

■ If the intended victim was International, the corporate defendants stand in the position of creditors. The Bank cites *Parker v. Roberts,* 116 Mo. 657, 22 S.W. 914 (1893) and *De Tienne v. Peters,* 354 Mo. 166, 188 S.W.2d 954 (1945), holding that strangers to a fraudulent transaction have no right of action for fraud. Specifically, a creditor of a defrauded party has no right of action for fraud even though the debtor's ability to pay the creditor is impaired by reason of the fraud. *Parker v. Roberts, supra,* 22 S.W. at 915. This rule is not without exception. "The creditor of a bankrupt may, however, sue for deceit against a third person whose false representation induced the giving of credit, the right of action being not confined to the trustee in bankruptcy." 37 C.J.S. *Fraud* § 60, p. 346 (1943).

The corporate defendants in this case are alleged to be creditors of a bankrupt, induced into unspecified "financial dealings" in reliance upon a bogus plan to apply the proceeds of an SBA loan in a manner which would have permitted the debtor to remain in business. Such creditors have a right of action for fraud. Dismissal of their counterclaims for lack of standing because the corporate defendants are creditors, is erroneous.

■ Christgen is in a different position. His pleadings admit that his relationship to the defrauded parties is that of a shareholder in a corporation which was either directly or indirectly a victim of a fraud. There is nothing to indicate he extended credit or guaranteed debts of any bankrupt, defrauded party. A shareholder is without standing to sue in his individual capacity for damages to the corporation. *Jones v. Rennie,* 690 S.W.2d 164, 166 (Mo. App.1985). Thus, the trial court's dismissal of Christgen's counterclaim is correct.

No other grounds are suggested or found justifying the dismissals of the counterclaims of the two corporate defendants for failure to state a cause of action. The counterclaims are unnecessarily and perhaps intentionally abstruse. They do not specify by whom or to whom the representations were made or when or where such representations were made. The pleadings do not specify in what manner the defendants relied upon the representation; that is, what act or forbearance from acting defendants claim to have done in reliance upon the proposed plan. The remedy for such obfuscation is found in Rule 55.27(d), providing for a motion to make a more definite statement if any matter contained in a pleading is not averred with sufficient definiteness or particularity. The Bank has filed such motions as alternatives to the motions to dismiss. As the motions to make a more definite statement were not ruled upon, the trial court may consider them upon remand.

We, therefore, affirm the dismissal of the Christgen counterclaim, reverse the order dismissing the counterclaims of the corporate defendants, and remand the case for further proceedings consistent with this opinion.

GREENE, P.J., concurs.

CROW, C.J., concurs in separate opinion filed.

CROW, Chief Judge, concurring.

I concur, but emphasize that the law on what a claim must allege to survive a motion to dismiss is stretched to its absolute limits by the counterclaims in this case. A reader of the counterclaims must assume, among other things, that the representations allegedly made to International's directors and shareholders were the representations relied on by Walnut Products and C & D, that the Bank intended that Walnut Products and C & D rely on such representations, that Walnut Products and C & D conducted their business with International on the basis of their reliance on such representations, and that Walnut Products and C & D did so to their detriment.

It may be that if Walnut Products and C & D are compelled to plead the above matters with definiteness and particularity, their claims will evaporate. That, however, remains to be seen. The unfortunate aspect of this case is that the appellate process had to be invoked when it could have been avoided by a more forthright set of allegations.