Ellen WILLIAMS, Plaintiff–Appellant,

v.

BELGRADE STATE BANK,
Defendant–Respondent.

No. 21505.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1997.

Richard B. Dempsey, Washington, for Plaintiff–Appellant.

Michael W. Silvey, Schnapp, Fulton, Fall, McNamara & Silvey, L.L.C., Fredericktown, for Defendant–Respondent.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PREWITT, Judge.

The trial court dismissed each count of Plaintiff's three-count petition for failure to state a claim for which relief can be granted. Plaintiff appeals, presenting three "points relied on," each directed to the dismissal of a specific count.

In Count I of her second amended petition, Plaintiff sought damages for fraud, stating that Defendant agreed to make future advances on a deed of trust, but at the time of the agreement did not intend to do so. For her first point, Plaintiff contends that the trial court erred as to Count I because she adequately stated a cause of action for fraud. Defendant Belgrade State Bank, counters that the allegations in Count I were insufficient in several particulars, including that the necessary elements were not specifically stated, as required by Rule 55.15. That rule states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and any other condition of mind of a person may be averred generally.

 In reviewing a dismissal for failure to state a claim upon which relief can be granted, the "issue to be decided is whether, after allowing the pleadings the broadest intendment, treating all facts alleged as true, and construing all allegations favorably to defendants, the averments invoke principles of substantive law entitling" the party to relief. *Empire Bank v. Walnut Products, Inc.*, 752 S.W.2d 404, 406 (Mo.App.1988). Although, to comply with Rule 55.15, the pleader need not allege evidentiary facts, the pleader must allege ultimate facts and cannot rely on conclusions. *Id.* Failure to comply with Rule 55.15 fails to state a claim for fraud. *Schauer v. Gundaker Movits Real Estate Co.*, 813 S.W.2d 112, 114 (Mo.App. 1991).

 In the argument under this point, Plaintiff cites only *Empire Bank*, and contents herself with going down the necessary elements of fraud set out in that case. In apparent anticipation of Defendant's argument, when discussing damages, Plaintiff, in her brief, concludes: "[H]ow else could appellant have been damaged had she not been refused future advances?" Defendant, as anticipated, does argue that there are no allegations that she requested future advances.

Although perhaps the inference Plaintiff suggested can be made from her damage allegations, that does not comply with Rule 55.15. For fraud to be actionable, there must exist a causal connection between the misrepresentation and the damages alleged. *Mullen v. G.M.A.C.*, 919 S.W.2d 7, 9 (Mo. App.1996). In fraud, the plaintiff must allege a causal connection between the alleged fraud and the damages allegedly sustained.

*Williams v. Mercantile Bank of St. Louis NA*, 845 S.W.2d 78, 84 (Mo.App.1993); *Hanrahan v. Nashua Corp.*, 752 S.W.2d 878, 883 (Mo.App.1988). Plaintiff's petition has the same deficiency discussed in *Schauer*, where the court stated at 115:

> Plaintiff's petition here is devoid of any factual allegations, pleaded with the requisite particularity, which provide a consequent and proximate causal connection between the misrepresentations alleged and the claimed injury, i.e. the damages.

In addition, Plaintiff's petition failed to state which individuals made representations and whether they had authority to do so. *See Hanrahan*, 752 S.W.2d at 883. *See also Williams*, 845 S.W.2d at 84 (failing to state who made representations).[1]

As we conclude that the second amended petition failed in Count I to state a claim for which relief can be granted, Point I is denied.

 In Count II, Plaintiff alleged that on July 26, 1991, she executed "a certain Security Agreement, a copy of which is attached, marked Exhibit D and by reference made a part hereof." She then alleges that after her execution of that document, "defendants added to said Security Agreement, the legal description to the same parcel of real property encumbered by Exhibit A." She contends that by doing this, "Section 443.055(5)," RSMo Supp.1991, rendered invalid the deed of trust attached as Exhibit A.[2]

Plaintiff asserts that the subsequent addition of the legal description made the initial deed of trust invalid and that, therefore, a foreclosure upon it damaged her. Previous to its amendment in 1992, Section 443.055.5, RSMo Supp.1991, stated:

> The parties to any instrument securing future advances or future obligations as herein permitted may not simultaneously enter into more than one such agreement

---

1. Plaintiff's original petition, in the style, named only Belgrade State Bank as the defendant, but referred in the body to "defendant Jonathan E. Turner." Whether he was ever a proper party is not at issue before us. His existence is mentioned only because it may be relevant as to whether he, the bank, or someone else made the alleged representations.

2. Neither the purported Exhibit A nor Exhibit D is attached to the Second Amended Petition in the legal file, the sole record before us. There is an Exhibit A attached to the original petition, but nowhere in the legal file do we find an Exhibit D.

concerning the same real property, and no lender may simultaneously hold more than one such instrument from the same borrower concerning the same real property, and any such agreement entered into or subsequent instrument held by a lender during the life of a previous agreement concerning the same real property shall be invalid and unenforceable, to the extent of any such agreement securing future advances.

A comment, Sowards, Rita Carper, *Future Advances in Missouri*, 49 Mo.L.R. 103, 115 n.87 (1984), concludes that under Section 443.055.5, a second agreement "does not invalidate the original agreement, even to the extent of the future advances clause." As we also read this section, it is not, as Plaintiff alleged, the initial deed of trust or other security document that is made invalid, but the subsequent one. As this point is premised upon what we view an erroneous reading of the statute, as a matter of law, Count II states no cause of action. Point II is denied.

In her brief, Plaintiff summarizes the allegations of Count III as follows:

[O]n a date certain a corporation executed its deed of trust in order to secure a loan from respondent bank;

this corporation was a fiction and nothing more than the alter ego of appellant's then husband;

that the marriage of appellant and her then husband was dissolved and as part of the division of marital assets appellant received an ownership interest in the real property encumbered by the deed of trust;

that subsequent to the execution of the deed of trust respondents fraudulently altered the terms of the deed of trust;

the altered deed of trust was foreclosed upon and appellant was damaged.

In support of this count, Plaintiff cites only *Hall v. Smith*, 355 S.W.2d 52 (Mo.1962), for its statement that in considering a petition on a motion to dismiss, the petition is to be construed liberally and favorable to the plaintiff, giving the plaintiff all the benefit of all reasonable inferences fairly deductible from the allegations. Plaintiff also seeks to support Count III by referring to a "memoran-

dum of law," which she filed in the trial court, containing several documents not referred to in the petition.

As earlier stated, we make our determination based upon contents of the petition. *Hall* is only cited for the elementary principle above stated as to how the petition is to be construed. No authorities are cited which might appear to support an argument that the allegations here made state a cause of action. Failure to cite relevant authority where available, or to set forth why such authority is not available, constitutes an abandonment of the point under Rule 84.04(d). "When an appellant cites no authority and offers no explanation why precedent is unavailable, appellate courts consider the point waived or abandoned." *State v. Conaway*, 912 S.W.2d 92, 94 (Mo.App.1995). Point III is thus denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.