## Douglass, Appellant, *vs.* Stephens, Respondent.

1. A party cannot recover any damages caused by the wrongful act of another, which he might have averted at a trifling expense and by reasonable exertions.

2. To make a master responsible for damages caused by his servant, it must be shown that they resulted from a wrongful act done by the command of the master, or from the negligence of the servant in transacting the business for which he was employed.

3. Where a record purports only to give the substance of the evidence bearing on particular points, the judgment will not be reversed on the ground that there was no evidence upon which to base a particular instruction, unless the evidence bearing on that instruction is stated, or it appears affirmatively that none was given.

*Appeal from Boone Circuit Court.*

This was an action for damages to the goods of the plaintiff in the cellar of his store, alleged to have been caused by the obstruction of a sewer by the servants of the defendant. It appeared that the plaintiff had a store on the north side of Broadway, in the town of Columbia, and that the defendant had a store nearly opposite, on the south side of the street; that there was a public sewer, constructed by the municipal authorities, leading from the north to the south side of Broadway, through which the water flowed, and that there was a gutter running in front of the said house of the defendant from east to west on the south side of Broadway, which drained the water from the street and sidewalk, and emptied the same into said public sewer through an opening which was some ten or fifteen feet from the front door of the defendant's house; and that there was a private sewer leading from the cellar of plaintiff's store to the public sewer, which drained the water from the cellar.

The record states that there was evidence conducing to show that on the evening of the day next preceding the day upon which the injury complained of was sustained, the clerks and servants of the defendant, while engaged in cleaning the store of defendant, and the sidewalk and street in front thereof, threw a mass of rubbish into the gutter and into the opening of the sewer, which was conducted into the sewer, and so obstructed the passage of the water, as to cause it to flow back through plaintiff's private sewer and fill his cellar with water, thereby damaging his goods; that the water flowed into the plaintiff's cellar during the night, and was not discovered by his clerks and servants until about daylight in the morning, and that the plaintiff was absent from home at the time; and that the cleaning away of the rubbish by defendant's servants, was with his consent and by his direction.

The record also states that the defendant gave evidence conducing to show that the damage was not caused by the acts of

the defendant's servants, but by a heavy rain ; also evidence conducing to show that the clerks of the plaintiff, after the discovery of the water in the cellar, failed to make proper efforts to save the plaintiff's goods from damage, and that if they had made such efforts, the plaintiff would have sustained no loss or damage by reason of the flowing of the water into his cellar, which last evidence was objected to by the plaintiff, but admitted by the court.

The court instructed the jury to find for the defendant, unless they believed the damage complained of resulted from the acts of his servants, and refused to instruct the jury, as asked by plaintiff, to disregard the evidence in relation to the want of proper effort on the part of plaintiff's servants to prevent the damage.

At the instance of the plaintiff, the jury were instructed that, if they believed the damage complained of was caused by the acts of the servants of the defendant, done while engaged in the business of the defendant, the presumption was that they were done with his consent.

At the instance of the defendant, the court gave the following among other instructions :

"The defendant is not liable for the wilful and intentional wrongs committed by his clerks, unless said acts were by his direction."

There was a verdict and judgment for the defendant, and the plaintiff appealed to this court.

*P. R. Hayden*, for appellant. 1. Evidence to show that the plaintiff's servants, by diligent efforts, might have averted the damage caused by the wrongful acts of the defendant's servants, was inadmissible. They were not employed by the plaintiff to guard and preserve his property from destruction by the wrongful acts of others, and the defendant cannot claim any exemption from liability, on the ground that they did not leave the business for which their master employed them. If it were otherwise, a man might wound his neighbor's slave, and then point out the injury thus inflicted to the owner or his ser-

vants, and demand of him or them to proceed diligently and actively, in the application of appropriate remedies, and if they failed, claim exemption from legal responsibility. 2. The defendant is liable for the wrongful acts of his servants, while they were engaged in his business, even though the wrongful acts complained of were done wilfully and intentionally, and without the express direction of the defendant.

*Leonard*, for respondent. 1. Every one is liable for the injuries occasioned by the negligence of his servants in transacting his business, but not for their wilful and intentional wrongs, and to this effect the court instructed the jury. 2. It is an established principle that, in actions for injuries resulting from negligence, the plaintiff cannot recover, if his own negligence is at all instrumental in producing the injury ; and, upon the same principle, where there is no intentional wrong, whatever damage results from the want of improper care, on the part of the plaintiff, or of those in charge of his property, ought not to be charged to the defendant in the assessment of damages ; and, under this view of the law, the contested evidence given by the defendant was received, and two of the plaintiff's instructions properly rejected. *Butterfield* v. *Forrester*, 11 East. 60. *Hartfield* v. *Roper*, 21 Wend. 619. *Parker* v. *Adams*, 12 Met. 416. 3. The jury having found that the defendant did not cause the obstruction complained of, errors of the court, in the admission of evidence to regulate the amount of damages, or in the direction to the jury as to the proper measure of damages, are now immaterial, and not having been acted on by the jury, furnish no grounds for the reversal of the judgment. New Code of Procedure, section 17, article 19.

SCOTT, Judge, delivered the opinion of the court.

1. There are but two questions involved in this controversy, which are deemed of any consequence. The first is, whether, in case of a tort, if the injured party can protect himself from

damage, at a trifling expense, or by any reasonable exertions, he is bound to do so? It is not maintained, that the want of diligence in the person injured, will take away his right of action for the wrong, but that the rule only extends to such damages as might have been prevented by the reasonable exertions of the party complaining. For the direct and consequential damages caused by an injury, the party committing it is responsible, but not for remote, speculative and contingent consequences, which he might have easily averted by his own exertions. The law will not reward a man for the indulgence of his malice. If a party sustaining an injury by the act of another, can protect himself at a trifling expense, or with reasonable exertions, from the consequences, he fails in social duty if he omits to do so, regardless of the increased amount of damages for which he may intend to hold the other party liable. This case is put in the books : Suppose a man should enter his neighbor's field unlawfully, and leave the gate open; if, before the owner knows it, cattle enter and destroy the crop, the trespasser is responsible. But if the owner sees the gate open, and passes it frequently, and wilfully and obstinately, or through gross negligence, leaves it open and cattle get in, it is his own folly. So, if one throw a stone and break a window, the cost of repairing the window is the ordinary measure of damage. But if the owner suffers the window to remain without repairing a great length of time after notice of the fact, and his furniture and pictures and other valuable articles sustain damage, or the rain beats in and rots the window, this damage would be too remote. Greenleaf says, that in all cases of breach of contract, if the party injured can protect himself from damage at a trifling expense or by any reasonable exertions, he is bound to do so. He can charge the delinquent party only for such damages as, by reasonable endeavors and expense, he could not prevent. The same doctrine is equally applicable in cases of trespass. 2 vol., sec. 261, and note.

2. In the consideration of the question, as to the liability of the master for the injuries caused by his servant, the cases in

which the wrong has been done by the command of the master, must be distinguished from those in which there is no command. Where a master commands a thing to be done, and an injury results from the want of care in the servant whilst performing the order, the master is liable in trespass. The employer is responsible in this form of action for the conduct of his servant, whom he has expressly commanded or procured to do the act, though he was not present at the time of the trespass ; or if he has assented to a trespass, committed for his use and benefit, though not privy at the time the act was done. A bare subsequent ratification will not operate to make the master a trespasser. In the absence of the proof of any command to do the unlawful act, the master is not liable in trespass as principal ; for the only act of the master is the employment of the servant, from which no immediate prejudice can arise to any one, and the only authority presumed by the law to be vested by the master in his servant, is an authority to do all lawful acts belonging to his employment.

But, although a master is not liable in trespass, as principal, for the unlawful and directly injurious act of his servant, unless he has commanded it, yet he is responsible for consequential damages, where, by the negligence and carelessness of the servant, in doing the business of his employer, another receives an injury for which the servant would himself be liable in an action of trespass. To make the master liable for consequential damages, resulting from the trespass of the servant, it must appear, that the servant was in the course of his employment, and that, by an injudicious, negligent or unskilful act, done in furtherance of his master's business, the injury resulted to the plaintiff. But if the servant wilfully, and to effect some design of his own, does an injury to another, the master will not be liable ; otherwise it would be in the power of every servant to subject his master to what actions or penalties he pleases. The business of life requires the employment of servants or agents, and to hold that masters are liable for their wilful and wanton acts, would be placing every employ-

er entirely at the mercy of those whom he might engage in his service. Such a principle would greatly impede, if not wholly prevent, commercial intercourse between man and man. The rule of law is correctly laid down by Blackstone, (1 Com. 429.) If a servant, by his negligence, does any damage to a stranger, the master shall answer for his neglect, but the damage must be done whilst he is actually employed in his master's service; otherwise the servant shall answer for his own misbehavior. *Price* v. *Thornton*, 10 Mo. Rep. *Gregory* v. *Piper*, 17 Eng. Com. Law, 454. *Croft* v. *Alison*, 6 Eng. Com. Law, 528. *Foster* v. *The Essex Bank of Mass.*, 17 Mass. 508–9. *McManus* v. *Crockett*, 1 East, 106. 2 Kent, 259.

3. As to the point that there was no evidence that sustained the instruction relative to the liability of masters for wilful and intentional wrongs by servants, it must be answered, that the record does not raise the question. The record only shows that evidence on particular points was given. The evidence on this point should have been stated. If there was none, that fact should have appeared. The presumption is that the judgment below is correct, and he who would reverse it, must, by his record, show that error has been committed. The other judges concurring, the judgment is affirmed.