**Dennis DESCHLER, Appellant,**

v.

**BROWN & WILLIAMSON TOBACCO CO., Appellee.**

No. 85–1838.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided Aug. 8, 1986.

Ross Harry Briggs, St. Louis, Mo., for appellant.

Jordan B. Cherrick, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, SWYGERT,* Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

■ Dennis Deschler appeals the district court's [1] dismissal of his complaint based on wrongful termination of employment against Brown & Williamson Tobacco Company. Deschler claims that the district court erred in holding that parol evidence may not be introduced to show that the written contract for employment at will was superseded or modified by simultaneous and subsequent oral promises made by Brown & Williamson officials of lifetime employment in exchange for loyalty and hard work. He also contends that the district court improperly dismissed his fraud claims. Because the district court, in this diversity case, properly construed Missouri law, correctly determined that the written contract was unambiguous, complete on its face, and terminable at will by either party, and did not clearly err in finding that it was knowingly signed, we affirm.

In July 1966, Deschler executed a written employment agreement with Brown & Williamson. The agreement, part of the job application, stated that "it shall constitute the terms of the contract of employment and that the relationship between [Deschler] and the corporation shall be a hiring at will terminable at any time by either of the parties thereto." Appellee's Addendum at A–1. Deschler alleges that upon signing the agreement and subsequently, he was assured by Brown & Williamson officials that he would have a job for life as long as he was honest, loyal, and industrious. Deschler alleges that in reliance on these oral statements, he accepted the job and performed competently, relocated his family four times, and rejected other job offers. In October 1982, Deschler was fired.

The district court determined that the written employment contract was complete on its face, and unambiguously provided that Deschler's employment was terminable by either party at any time without cause. The court, based on Deschler's deposition testimony, also found that Deschler understood when he entered into the the relationship that it was terminable at will. Analyzing Missouri law, the court concluded that parol evidence may not be introduced at trial to prove that an agreement varies from the unambiguous terms of a facially complete and signed written contract. The court therefore rejected Deschler's argument that his cause merited trial because through parol evidence he could prove that the written contract was ambiguous, was not the actual agreement, or had been modified by subsequent oral promises. The court thus held that Deschler's complaint failed to state an actionable claim for wrongful termination, and dismissed the suit.

Giving great weight to the district court's interpretation of state law, *see Northern States Power Co. v. ITT Meyer Industries*, 777 F.2d 405, 413 (8th Cir. 1985); *Shidler v. All American Life & Financial Corp.*, 775 F.2d 917, 920 (8th Cir.1985), we agree that Missouri law bars Deschler's introduction of parol evidence to show that the terms of his written agreement were contradicted or modified by alleged simultaneous or subsequent oral promises. *Property Tax Research Co. v. Falstaff Brewing Corp.*, 708 F.2d 1333, 1336–37 (8th Cir.1983) (applying Missouri law); *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. 1973) (en banc). Deschler's reliance on *Arie v. Intertherm, Inc.*, 648 S.W.2d 142 (Mo.App.1983), is misplaced. As the district court observed, *Arie* involved the introduction of parol evidence to resolve a conflict between two written provisions.

* The HONORABLE LUTHER M. SWYGERT, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

**1.** The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

Here the alleged conflict is between a writing and oral statements. Extension of *Arie* to the circumstances here presented would eviscerate the parol evidence rule. We further agree with the district court that the written agreement was complete on its face, and unambiguous in creating an at-will employment relationship. *See Press Machinery Corp. v. Smith R.P.M. Corp.*, 727 F.2d 781, 784 (8th Cir.1984) (whether a contract is incomplete or ambiguous is a question of law). In addition, having reviewed Deschler's deposition testimony, we believe the district court did not clearly err in finding that Deschler understood and knowingly signed the written contract. Fed.R.Civ.P. 52(a). Thus, we conclude that the district court properly foreclosed Deschler's introduction of parol evidence to show that the written agreement was ambiguous, or that it was superseded or modified by simultaneous and subsequent oral promises.

■ Deschler also contends that the district court erred in dismissing his claim based on fraudulent misrepresentation. Recent Missouri cases have recognized certain statutory, constitutional, and public policy exceptions which may support a tort action based on a breach of an at-will employment contract. *See* Heinsz, *The Assault on the Employment At Will Doctrine: Management Considerations*, 48 Mo.L.Rev. 855, 877–81 (1983) (collecting cases). Nevertheless, the rule in Missouri remains that unless "the duty breached is exclusively incidental to the contract," an at-will employee may not bring a wrongful discharge action sounding in tort. *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1216 (8th Cir.1973) (applying Missouri law). Because Deschler's claim of fraudulent misrepresentation alleges no breach of an independent duty, it amounts merely to a restatement of his contract claim, and therefore is without merit.

■ Deschler also seems to argue that Brown & Williamson fraudulently induced him to execute the written employment agreement. As the district court observed,

Deschler stated in his deposition testimony that he understood when he signed the employment contract that the relationship would be terminable at will. Such an admission fundamentally undermines a claim of fraud in the inducement.

Finally, as Deschler's claim for punitive damages rests on the success of his fraud claims, it also must fail.

We affirm the district court's dismissal of Deschler's complaint.