Charles O'NEAL, Appellant,

v.

STIFEL, NICOLAUS & COMPANY, INC., Respondent.

No. 74392.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 18, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Jeffrey D. Sigmund, St. Louis, for appellant.

Kenneth W. Bean, Michelle K. Thompson, St. louis, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Charles O'Neal (O'Neal) appeals the trial court's judgment granting Stifel, Nicolaus & Company, Inc.'s (Stifel) Motion for Summary Judgment against O'Neal on Count I and dismissing Count II of O'Neal's Petition with prejudice. On appeal, O'Neal contends the trial court erred in (1) dismissing Count II of O'Neal's Petition because he properly stated a cause of action for fraudulent misrepresentation against Stifel and (2) refusing to grant him leave to amend his fraudulent misrepresentation claim. We reverse and remand.

O'Neal and Stifel, a securities brokerage corporation, were involved in negotiations for employment. Stifel sent a written offer of employment terms to O'Neal. The letter did not set forth the duration of the employment relationship or limit the reasons for which O'Neal could be discharged. O'Neal sent Stifel a letter clarifying and adding terms. One week before O'Neal was to commence employment, Stifel notified O'Neal that Stifel would not employ him as per the terms of their agreement.

O'Neal filed suit against Stifel. The Petition alleged two counts. Count I was a claim that Stifel breached a contract of employment with O'Neal by failing to employ him in accordance with the terms previously agreed to by the parties. Count II of the Petition alleged Stifel fraudulently induced O'Neal to accept a position of employment as branch manager and assistant vice-president of one of Stifel's brokerage offices. Count II further alleged Stifel falsely represented the terms of employment to O'Neal, upon which he detrimentally relied, causing him to engage in a series of actions to terminate his then present employment; to commence the transfer of his existing client base; and to hire a support staff to assist him at his new position with Stifel.

Stifel filed a Motion for Summary Judgment, on the basis that the employment at-will doctrine precluded O'Neal's contract claim in Count I as a matter of law. With regard to the fraud claim in Count II, Stifel's Motion failed to include references to any undisputed facts, but rather alleged O'Neal's claim for fraud failed as a matter of law because it arose out of the contract claim which was precluded by the employment at-will relationship between the parties.

The trial court granted Stifel's Motion on Count I, finding the employment at-will relationship between the parties precluded O'Neal's contract claim as a matter of law. O'Neal does not appeal the trial court's judgment as to Count I.

The trial court noted that Stifel's Motion for Summary Judgment failed to include any references to undisputed facts, as required by Rule 74.04, and therefore the trial court, on its own initiative, considered the Motion as a motion to dismiss Count II. The trial court reviewed the allegations of the Petition, and determined that the "alleged misrepresentations are the same statements which form the basis of [O'Neal's] breach of contract claim." Relying on *Hanrahan v. Nashua Corp.*, 752 S.W.2d 878 (Mo.App. E.D.1988), and *Paul v. Farmland Industries, Inc.*, 37 F.3d 1274 (8th Cir.1994), the trial court dismissed Count II with prejudice for failure to state a claim upon which relief may be granted. The trial court determined that, "since the

record makes it plain that Count II depends on the same facts as Count I, it follows that [O'Neal] cannot amend to state a claim as to Count II." O'Neal appeals from this judgment.

In reviewing a trial court's judgment dismissing a case for failure to state a claim, the pleadings are to be given their broadest intendment, all facts alleged are treated as true, and all allegations are construed in favor of claimant. *Brown v. Hannibal Anesthesia Service, Inc.*, 972 S.W.2d 646, 647 (Mo.App. E.D.1998). We must determine whether the averments in the pleading invoke substantive principles of law entitling the claimant relief. *Southwestern Bell Yellow Pages, Inc. v. Wilkins*, 920 S.W.2d 544, 547 (Mo.App. E.D.1996).

In his first point, O'Neal claims the trial court erroneously dismissed Count II because his petition properly stated a cause of action for fraudulent misrepresentation against Stifel.

When a tort arises from the breach of a contract, a plaintiff is precluded from maintaining both a breach of contract and a fraud claim against an employer. *Bernoudy v. Dura–Bond Concrete Restoration, Inc.*, 828 F.2d 1316, 1318 (8 th Cir.1987) (applying Missouri law). A fraud claim is permitted only if it arises from acts that are separate and distinct from the contract. *Id.* Thus, fraud in the negotiation of an employment contract can amount to a separate cause of action for fraud under Missouri law. *Id.*

In *Bernoudy*, the Bernoudys alleged that as an inducement to work for Dura–Bond and prior to any agreement, Dura–Bond made false representations that they would be employed for not less than eight years which it never intended to keep and which they relied on to their detriment. *Id.* The Eighth Circuit found Dura–Bond did not misrepresent to the Bernoudys what the terms of the written contract were, rather it induced the Bernoudys to leave their old positions by fraudulently misrepresenting what the Dura–Bond–Bernoudy relationship would encompass. *Id.* The fraud, therefore, did not arise out

of the contract; it arose out of the negotiations prior to the employment agreement. *Id.*

The present case is analogous to *Bernoudy.* The Bernoudys' fraud claim arose out of Dura–Bond's statement during negotiations that they would be employed for at least eight years. Here, O'Neal's fraud claim arose out of Stifel's statements that he would actually become an employee of the corporation. The fraud in Count II arose out of O'Neal's negotiations prior to employment. O'Neal argues he was led to believe he would be employed by Stifel and employed as the terms of the agreement set forth. O'Neal contends Stifel never intended to employ him and fraudulently induced him to rely on a misrepresentation of employment that Stifel never intended to keep. Therefore, the fraud claim in Count II did not arise out of the contract claim in Count I of O'Neal's Petition, but instead arises out of Stifel's representations prior to employment.

We find the trial court erroneously applied *Hanrahan* and *Paul.* The at-will employee in *Hanrahan* brought a wrongful discharge action against his former employer. 752 S.W.2d at 878. In addition to the wrongful discharge claim, there was a claim of fraud alleging the former employer concealed favorable personnel records from the employee's file. *Id.* at 880. In *Hanrahan*, this court held for an at-will employee to state a claim for wrongful discharge, he must plead the essential elements of a valid contract, and a discharge in violation of that contract. *Id.* at 883. Further, the court held no matter what particular theory any employee asserts against an employer for wrongful discharge, including fraud, there is no claim for wrongful discharge absent a valid employment contract, constitutional provision or statute. *Id.* at 884.

*Hanrahan* is distinguishable from the case before us. *Hanrahan* addressed a situation involving a claim for wrongful discharge from an employment contract. Here, O'Neal's claim is not one of wrongful

discharge, but instead is a claim for fraudulent misrepresentation in employment negotiations. Unlike the employee in *Hanrahan*, O'Neal's fraud claim is not based on an employment contract.

In *Paul*, the employee brought a wrongful discharge claim and a fraud claim premised on the contention that he was induced to leave another job and induced to work for Farmland by a false promise that he would have a contract of employment for three years. 37 F.3d at 1276. The Eighth Circuit, interpreting Missouri law and citing *Bernoudy*, stated that an employee may maintain a breach of contract action and a fraud claim only where the fraud claim arises from acts that are separate and distinct from the contract. 37 F.3d at 1276. However, the court decided not to resolve the issue of whether Paul presented a "cloaked" contract claim or a fraud claim based on separate and distinct acts because Paul did not present a submissible case of fraud. *Id.*

The *Paul* court declined to resolve the issue before us now. However, we will determine whether O'Neal's fraud claim stands separately from his contract claim. The present case involves a claim of fraudulent misrepresentation based on the employment negotiations. This claim of fraud is independent of the contract claim, is based on separate and distinct facts, and is not a "cloaked" contract claim. As in *Bernoudy*, O'Neal does not contend Stifel misrepresented the terms of the contract, but instead fraudulently misrepresented the nature of their relationship.

■ For the foregoing reasons, we find that the holdings in *Hanrahan* and *Paul* do not apply to the present case. However, we must next determine whether O'Neal's allegations of fraud in Count II sufficiently pled a submissible case of fraud.

■ O'Neal must plead every essential element of fraud, and failure to plead any element renders the claim defective and subject to dismissal. *City of Wellston v. Jackson*, 965 S.W.2d 867, 870 (Mo.App. E.D.1998). All averments of fraud are to be stated with particularity, except malice, intent, knowledge and any other condition of mind which can be averred generally. Rule 55.15. The elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that the representation be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury. *City of Wellston*, 965 S.W.2d at 870.

O'Neal's Petition did state facts with particularity concerning the alleged fraud. The Petition stated with particularity the circumstances under which the alleged representations were made and the individual who made such representations and the authority of that individual to make such representations. O'Neal alleged Stifel made all of the material misrepresentations directly to him through its employee and agent, Michael Murphy. O'Neal alleged Stifel and Murphy knew the representations of employment were false and that Stifel intended O'Neal rely on such representations. O'Neal had the right to rely on the representations of a corporation when made directly by the corporation itself through its authorized agent. *See Brown*, 972 S.W.2d at 648. O'Neal relied on the misrepresentations by informing clients of his transfer to Stifel's employ, and O'Neal recruited a sales aide to assist him after commencing employment with Stifel. Furthermore, O'Neal alleged facts showing a causal connection between the alleged fraud of misrepresenting employment and the damages allegedly sustained by him in reliance on the misrepresentation.

■ It is important to note that "statements and representations as to expectations and predictions for the future are insufficient to authorize recovery for fraudulent misrepresentation." *Arnold v.*

*Erkmann,* 934 S.W.2d 621, 627 (Mo.App. E.D.1996). According to the Petition, Stifel's alleged statements were of present intent to allow O'Neal to enter the corporation as a branch manager. The Petition further alleges Stifel had no intent to make O'Neal an employee at the time it made the alleged representations and this constitutes sufficient allegations of fraudulent misrepresentation.

Because O'Neal's first point is dispositive of the case, we need not address his second point concerning whether the trial court erred in not granting leave to amend.

We find O'Neal's fraud claim in Count II stands separate and distinct from his contract claim and sufficiently alleges a claim for fraudulent misrepresentation. The judgment is reversed and remanded for further proceedings consistent with this opinion

KAROHL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.