

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

VANTAGE CREDIT UNION,      )      No. ED100333

     Respondent,      )      Appeal from the Circuit Court
     )      of Jefferson County

vs.      )
     )      Honorable Stephen D. Bouchard

JIMMY M. CHISHOLM,      )

     Appellant.      )

## ORDER

On the Court's own motion, the opinion filed in this case on August 19, 2014, is hereby withdrawn and a new opinion is to issue. Respondent's Motion to Reconsider filed on August 28, 2014, is denied as moot.

DATED: 9/9/14

Kurt S. Odenwald, Presiding Judge

cc:      John J. Pawloski
        Bonnie L. Clair
        Petya B. Beltcheva
        Jill R. Rembusch



# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| VANTAGE CREDIT UNION, | ) | No. ED100333 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Stephen D. Bouchard |
| JIMMY M. CHISHOLM, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 9, 2014 |

## Introduction

Appellant Jimmy Chisholm ("Chisholm") appeals from the judgment of the trial court granting summary judgment in favor of Respondent Vantage Credit Union ("Vantage") on Vantage's claim for breach of contract and Chisholm's counterclaims for vexatious refusal to pay, fraud, violation of the Missouri Merchandising Practices Act ("MMPA"), and breach of contract. The trial court found no genuine issue as to the material facts establishing that Chisholm breached his credit agreement with Vantage by failing to make payments on his outstanding credit card balance. Chisholm's counterclaims allege Vantage breached its obligations relating to Chisholm's purchase of credit disability insurance through Vantage. The trial court also granted summary judgment in favor of Vantage on the counterclaims finding that Chisholm could not succeed on his counterclaims because Vantage is not an insurer. Because genuine issues of material fact exist as to whether Vantage performed its obligations with regard

to Chisholm's purchase of credit disability insurance coverage, we reverse the trial court's judgment with respect to Chisholm's counterclaim for breach of contract only. Because the trial court properly found no genuine issues of material fact with regard to the remaining claims, we affirm the trial court's entry of judgment in all other respects.

Factual and Procedural History

Viewed in the light most favorable to the non-moving party, the record contains the following facts: On May 3, 2006, Chisholm applied for a VISA Gold credit card with Vantage by completing a one-page loan application form. The application contained a section titled "Optional Credit Insurance." By completing this section of the application, Chisholm could elect to purchase optional credit life and/or disability insurance. The application explained:

> Credit Life and/or Credit Disability Insurance is not required to obtain credit under this plan and will be included only if requested immediately below by the APPLICANT. You have the right to use alternative coverage or to buy insurance elsewhere. The Insurance rates are shown below. Each month, the Insurance charge is calculated and disclosed to You separately. You must be under age 66 for Credit Disability Insurance and under age 71 for Credit Life Insurance. Also, you must be in active full time work for wages or profit and physically present at work for at least 30 hours for each of the two consecutive weeks prior to each loan advance in order for the Insurance to take effect for that advance.
>
> . . .
>
> If this application is for a Credit Line account and You are applying for Credit Insurance, You authorize Us to add the required premiums to Your Account, charge a Finance Charge on the premiums at the rate which applies to Your Account, and forward such premiums to the Insurance Company.

Chisholm elected to purchase single coverage credit life insurance and single coverage credit disability insurance.

By signing the loan application, Chisholm agreed to the terms of Vantage's Credit Line Account Agreement and Federal Disclosure Statement ("credit agreement"). The credit agreement required monthly payments of 3.00% of the new unpaid account balance at the end of

2

each billing cycle, subject to the lesser of $26.00 or the balance, plus any portion of the minimum payments shown on prior statements that remain unpaid, and any amount that exceeds any approved credit limit. The credit agreement also provided for an annual interest rate of 12.90%.

Vantage approved Chisholm's application and thereafter extended credit to him in the amount of $19,183.83. On or about December 31, 2008, Chisholm became disabled and stopped working.[1] Sometime thereafter, Chisholm attempted to make a claim for benefits under the credit disability insurance he obtained through Vantage. It is not disputed that Chisholm contacted both Vantage and its third-party insurer, Life Investors Insurance Company of America n/k/a Transamerica Life Insurance ("Transamerica"), about obtaining benefits under his credit disability insurance benefits policy. However, the parties dispute the extent and content of the communications between Chisholm, Vantage, and Transamerica. Chisholm made no further payments to Vantage toward the unpaid balance on his VISA Gold account after December 16, 2010.

On April 1, 2011, Vantage filed a petition for breach of contract. Vantage alleged that Chisholm breached the credit agreement by failing to make the required payments to Vantage on the VISA Gold account. Vantage sought damages in the amount of $21,208.50 plus interest and attorneys' fees. On August 5, 2011, Chisholm filed a counterclaim petition against Vantage and Transamerica alleging vexatious refusal to pay, fraud, violation of the MMPA, and breach of contract. Chisholm averred that Vantage and Transamerica sold him a credit disability insurance policy, accepted his premium payments, and thereafter failed and refused to provide him credit disability insurance coverage. Despite naming Transamerica as a defendant in his counterclaim petition, Chisholm never secured and completed service on Transamerica.

---

[1] Chisholm was determined by the Social Security Administration to have been disabled since December 31, 2008.

On February 21, 2012, Vantage filed for summary judgment on its breach of contract claim against Chisholm and on Chisholm's four counterclaims against Vantage. After hearing argument, the trial court granted Vantage's motion for summary judgment in full. The trial court then entered judgment in favor of Vantage on its breach of contract claim and on Chisholm's four counterclaims.[2] This appeal follows.

## Point on Appeal

In his sole point on appeal, Chisholm alleges that the trial court erred in granting summary judgment in favor of Vantage because genuine issues of material fact exist as to whether Vantage performed its obligations under its contract with Chisholm, including whether Vantage undertook the role of an insurer and whether it properly processed and forwarded Chisholm's claim for disability payments.

## Standard of Review

We review the grant of summary judgment *de novo*, giving no deference to the trial court's findings or determinations. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp., 854 S .W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered and give the non-movant the benefit of all reasonable inferences from the record. Id.; Calvert v. Plenge, 351 S.W.3d 851, 854–55 (Mo. App. E.D. 2011).

## Discussion

### I.     Summary Judgment Standard

A movant's right to judgment as a matter of law differs depending upon whether

---

[2] The trial court also dismissed Chisholm's claims against Transamerica without prejudice for failure to prosecute. Transamerica is not a party to this appeal.

that movant is a "claimant" or a "defending party." <u>ITT Commercial Fin. Corp.</u>, 854 S.W.2d at 380. A claimant is one who seeks to recover either by claim, counterclaim, cross-claim or declaratory judgment. Rule 74.04(a).[3] A defending party is one against whom recovery is sought. Rule 74.04(b). To be entitled to summary judgment, a claimant must establish (1) that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at trial, and that (2) based on these undisputed facts, it is entitled to judgment as a matter of law. <u>ITT Commercial Fin. Corp.</u>, 854 S.W.2d at 380-81. To do so, the claimant must state with particularity all the undisputed material facts necessary to establish each and every element of its claim, referencing the pleadings, discovery, or affidavits that demonstrate the lack of a genuine issue as to those facts. <u>Id.</u>

On the other hand, a defending party may establish a right to judgment by showing any one of the following: (1) facts that negate any one of the claimant's elements, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. <u>Id.</u> at 381.

The showing required of the non-movant in the face of a properly pleaded summary judgment motion is the same regardless of whether the non-movant is a claimant or defending party:

> The non-movant never needs to establish a right to judgment as a matter of law; the non-movant need only show that there is a genuine dispute as to the facts underlying the movant's right to judgment. For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or

---

[3] All rule references are to Mo. Sup. Ct. R. (2013), unless otherwise indicated.

frivolous. Where the 'genuine issues' raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

Id. at 381-82.

## II.    Vantage's Breach of Contract Claim

With respect to Vantage's claim for breach of contract, Vantage is the claimant. Thus, to prevail on its motion for summary judgment for breach of contract, Vantage must show the absence of any genuine dispute as to the material facts establishing each element of its claim, and, based upon those facts, that it is entitled to judgment as a matter of law. The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. banc 2010).

Here, the undisputed facts establish that Vantage and Chisholm entered into a contract, the credit agreement, wherein Vantage agreed to extend credit to Chisholm and Chisholm agreed to make specified payments. Thereafter, Vantage extended credit to Chisholm in the amount of $19,183.83. Despite having an unpaid balance, Chisholm has not made payments to Vantage as required by the credit agreement since December 16, 2010. Consequently, the facts unequivocally prove that Chisholm breached the credit agreement. As a result of the breach, Vantage sustained damages in the principal amount $19,183.83, plus interest, attorneys' fees, and finance charges.

Chisholm does not dispute that he was contractually bound to the terms of the credit agreement, or that he failed to make the payments required thereunder. Rather, Chisholm argues that Vantage cannot recover on its breach of contract claim because Vantage did not perform the conditions precedent to the credit agreement. Specifically, Chisholm asserts that Vantage

6

promised to provide or procure credit disability insurance coverage to Chisholm but failed to do so. Chisholm contends that because Vantage did not provide credit disability insurance as it agreed, Vantage is precluded from suing to enforce the credit agreement.

Not every obligation arising under a contract constitutes a condition precedent. A condition precedent is a condition that must be fulfilled before the duty to perform an existing contract arises. Buchheit v. Cape Toyota–Suzuki, Inc., 903 S.W.2d 644, 646 n.3 (Mo. App. E.D. 1995). Conditions precedent are usually created by such phrases as "on condition," "provided that," "so that," and the like, although such expressions are not necessary if the contract is of such a nature as to show that parties intended to provide for a condition precedent. Globe Am. Corp. v. Miller Hatcheries, 110 S.W.2d 393, 396 (Mo. App. K.C. 1937); Kansas City S. Ry. Co. v. St. Louis-S.F. Ry. Co., 509 S.W.2d 457, 460 (Mo. 1974). We note that conditions precedent are disfavored by Missouri courts, and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication. Juengel Const. Co., Inc. v. Mt. Etna, Inc., 622 S.W.2d 510, 513 (Mo. App. E.D. 1981).

Even assuming, *arguendo*, that the credit agreement obligated Vantage to provide or procure credit disability insurance to Chisholm, we are not convinced that any such obligation was a condition precedent to Chisholm's obligation to pay on his unpaid balance. The credit agreement unequivocally states: "You [Chisholm] promise to pay Us [Vantage] all amounts charged to Your Account by You or by an user who has access to Your Account, with actual, apparent or implied authority for use of Your Account, including Finance Charges and other fees or charges described herein." The credit agreement then sets forth the minimum monthly payment and annual interest rate. Notably, the credit agreement lacks any language conditioning Chisholm's obligation to make payments toward his unpaid balance on Vantage's procurement

7

of credit disability insurance. Chisholm's proffered interpretation of the contract is misguided because Chisholm's duty to make payments under the credit agreement is independent of any duty Vantage owed with respect to providing or procuring credit disability insurance.

Based upon the record before us, we find no genuine dispute as to the material facts establishing each element of Vantage's breach of contract claim. Accordingly, the trial court properly granted summary judgment in favor of Vantage on its breach of contract claim.

## II. Chisholm's Counterclaims

As to Chisholm's counterclaims for vexatious refusal, fraud, and breach of contract, Vantage is a defending party.[4] Thus, to establish a right to summary judgment on each of Chisholm's counterclaims, Vantage is required to show only one of the following: (1) facts that negate any one of the facts required to establish an element of the claim; (2) that Chisholm, after a reasonable period for discovery, has not and will not be able to produce evidence for the trier of fact to find the existence of any one of the elements of his claim; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support Vantage's properly pleaded affirmative defense. ITT Commercial Fin. Corp., 854 S.W.2d at 381.

A. Vexatious Refusal to Pay

To establish a claim for vexatious refusal to pay, Chisholm must prove that he had an insurance policy with Vantage, Vantage refused to pay, and that Vantage's refusal was without reasonable cause or excuse. Dhyne v. State Farm Fire & Cas. Co., 188 S.W.3d 454, 457 (Mo. banc 2006). Vantage sought summary judgment on the ground that Chisholm cannot prove that he had an insurance policy with Vantage. Vantage argued that the unambiguous language of the credit agreement establishes that the agreement was a contract for financial credit, not insurance.

---

[4] Chisholm does not appeal the trial court's entry of summary judgment in favor of Vantage on his claim for violation of the MMPA.

8

The elements of an insurance contract are: (1) subject matter, (2) risk or contingency insured against, (3) the amount of the coverage, (4) the duration of the risk, and (5) the amount of the premiums to be paid for the protection afforded. Progressive Nw. Ins. Co. v. Wilson, 996 S.W.2d 532, 536 (Mo. App. W.D. 1999). On its face, the credit agreement fails to meet at least three of these criteria – it does not set forth the risk or contingency insured against; it does not state the amount of coverage provided; and it does not establish the duration of the risk. As a result, we find that the credit agreement is not an insurance policy, an element required to prove vexations refusal to pay. Chisholm may have a claim for vexations refusal to pay against Transamerica, but that issue is not before us. Because Vantage has negated a required element of Chisholm's claim for vexatious refusal to pay, the trial court properly granted summary judgment in favor of Vantage on said claim.

B. Fraud

To recover on a claim for fraud, Chisholm must prove the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) Vantage's knowledge of its falsity; (5) Vantage's intent that the representation be acted upon by Chisholm; (6) Chisholm's ignorance of its falsity and right to rely on its truth; which (7) proximately caused injury. Hanrahan v. Nashua Corp., 752 S.W.2d 878, 883 (Mo. App. E.D. 1988). Importantly, a plaintiff must state all averments of fraud with particularity, except malice, intent, knowledge and any other condition of mind which can be averred generally. O'Neal v. Stifel, Nicolaus & Co., Inc., 996 S.W.2d 700, 703 (Mo. App. E.D. 1999); Rule 55.15.

Vantage sought summary judgment on this counterclaim on the grounds that Chisholm could not prove the first two elements of fraud – a representation and its falsity. In his petition, Chisholm does not aver any specific language in the credit agreement alleged to be false, nor

9

does he assert that Vantage made an oral misrepresentation. Instead, Chisholm's petition only generally alleges that he "relied upon [Vantage's] representations that [it] would provide coverage in the event that Chisholm became disabled." We agree with the trial court that Chisholm did not identify any allegedly fraudulent representation with the specificity necessary to prove fraud under Missouri law. Id. Because a required element of this counterclaim is negated by Chisholm's pleading, the trial court did not err in granting summary judgment in favor of Vantage on Chisholm's claim for fraud.

C. Breach of Contract

Vantage's motion for summary judgment on Chisholm's counterclaim for breach of contract is premised on Vantage's assertion that Chisholm sued Vantage as an insurer for breach of an insurance contract. In support of its summary judgment motion, Vantage argued that it is not an insurance company and that the credit agreement was not a contract for insurance. The trial court agreed and concluded that because the credit agreement is not a contract for insurance, Chisholm cannot prove a necessary element of his breach of contract claim.

We agree with the trial court that the credit agreement entered into by Chisholm and Vantage is not a contract for insurance, and therefore, Chisholm cannot recover against Vantage for failure to provide credit disability insurance coverage. See *supra* section A. However, though the counterclaim as drafted is no model for clarity, we read Chisholm's counterclaim to allege more than the breach of an insurance contract. Viewing the record in the light most favorable to Chisholm, we find that Chisholm's counterclaim for breach of contract includes allegations that when Chisholm purchased optional credit disability insurance through Vantage, Vantage agreed to process any potential claims on behalf of Transamerica, as an agent of

10

Transamerica, but failed to do so.[5] Chisholm specifically pleads that Transamerica is the insurance company on behalf of which Vantage sold the credit disability policy, clearly alleging the agent status of Vantage. As a result of Vantage's failure to provide or procure insurance as an agent of Transamerica, Chisholm pleads that he was unable to obtain credit disability insurance coverage following his disability and was thereby damaged.

In its reply memorandum and additional statement of uncontroverted facts, Vantage alleged that it performed all of its obligations with respect to processing Chisholm's claim for disability insurance. Specifically, Vantage alleged that it properly reported Chisholm's claim to Transamerica, but Chisholm never returned the requisite claim form. These facts were specifically controverted by Chisholm, who alleged that Transamerica informed him they could not proceed with his claim for disability coverage because Vantage never initiated a claim as required. Both Vantage and Chisholm filed affidavits supporting their allegations. Based on these affidavits, a genuine dispute exists as to whether Vantage took the necessary actions to ensure that Chisholm's claim for disability insurance was processed and Chisholm could obtain the disability insurance coverage he had paid for. Disputes over facts that might affect the outcome of the case preclude the entry of summary judgment. Podlesak v. Wesley, 849 S.W.2d 728, 732 (Mo. App. S.D. 1993). Accordingly, the trial court erred in granting summary judgment on Chisholm's counterclaim of breach of contract.

---

[5] Missouri pleading rules allow a party to plead in the alternative. Rauch Lumber Co. v. Medallion Dev. Corp., 808 S.W.2d 10, 12 (Mo. App. E.D. 1991); Rule 55.10. Thus, Chisholm was allowed to plead that Vantage is an insurer and agreed to provide credit disability insurance, and in the alternative, that Vantage agreed to process his claims for credit disability insurance coverage as an agent of Transamerica.

11

## Conclusion

We reverse the trial court's judgment with respect to Chisholm's counterclaim for breach of contract and remand for proceedings consistent with this opinion. We affirm the judgment in all other respects.

_____

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

12